# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| Amanda Ramirez, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>              - against -<br><br>Kraft Heinz Foods Company,<br><br>                      Defendant | Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

## FACTUAL ALLEGATIONS

1.  Kraft Heinz Foods Company ("Defendant") manufactures, labels, markets and sells microwavable single serve cups of mac and cheese represented as "READY IN 3½ MINUTES" under the Velveeta brand ("Product").



2. The statement of "ready in 3½ minutes" is false and misleading because the Product takes longer than 3-and-a-half minutes to prepare for consumption.

3. According to the directions on the back of the packaging, there are four steps in preparing the Product.



4. First, consumers must "REMOVE lid and Cheese Sauce Pouch."

5. Next, they must "ADD water to fill line in cup. STIR."

6. Third, "MICROWAVE, uncovered, on HIGH 3-1/2 min. DO NOT DRAIN."

7. Finally, they should "STIR IN contents of cheese sauce pouch."

8. Defendant then notes that "CHEESE SAUCE WILL THICKEN UPON STANDING."

9. Consumers seeing "ready in 3½ minutes" will believe it represents the total amount of time it takes to prepare the Product, meaning from the moment it is unopened to the moment it is ready for consumption.

10. However, the directions outlined above show that 3-and-a-half minutes is just the length of time to complete one of several steps.

11. The label does not state the Product takes "3½ minutes to cook in the microwave," which would have been true.

12. To provide consumers with a Product that is actually "ready in 3½ minutes," the

3

Product would need to be cooked in the microwave for less than 3-and-a-half minutes, so that all the preparation steps could be completed in the 3-and-a-half minutes timeframe.

13. Consumers are misled to expect the Product will be ready for consumption in a shorter amount of time than it really takes to prepare.

14. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

15. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $10.99 for eight 2.39 oz cups, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## JURISDICTION AND VENUE

16. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

17. The aggregate amount in controversy exceeds $5 million, including statutory and punitive damages, exclusive of interest and costs.

18. Plaintiff is a citizen of Florida.

19. Defendant is a Pennsylvania limited liability company with a principal place of business in Pittsburgh, Allegheny County, Pennsylvania.

20. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

21. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here from thousands of stores in the States covered by Plaintiff's proposed classes.

22. The Product is available to consumers from grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

23. Venue is in this District with assignment to the Miami Division because Plaintiff resides in Miami-Dade County, which is where a substantial part of the events or omissions giving rise to the claims occurred, including her purchase, consumption, exposure to and reliance on the representations, and awareness they were misleading.

**PARTIES**

24. Plaintiff Amanda Ramirez is a citizen of Hialeah, Florida, Miami-Dade County.

25. Defendant Kraft Heinz Foods Company is a Pennsylvania limited liability company with a principal place of business in Pittsburgh, Pennsylvania, Allegheny County.

26. Plaintiff is like many consumers who seek to stretch their money as far as possible when buying groceries.

27. Plaintiff looks to bold statements of value when quickly selecting groceries.

28. Plaintiff purchased the Product at locations including Publix, 3339 W 80th St, Hialeah, FL 33018, between October and November 2022, among other times.

29. Plaintiff believed and expected that the Product would take 3-and-a-half minutes total to prepare and be ready for consumption.

30. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

31. Plaintiff bought the Product at or exceeding the above-referenced price.

32. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, features, and/or components.

33. Plaintiff paid more for the Product than she would have paid and would not have purchased it or paid less had she known the truth.

34. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition.

35. Plaintiff is unable to rely on the labeling and representations not only of this Product, but other similar products that claim they are ready in a specific amount of time, because she is unsure whether those representations are truthful.

## CLASS ALLEGATIONS

36. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Florida Class:** All persons in the State of Florida who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Alabama, Georgia, North Carolina, South Carolina, Utah, New Mexico, Alaska, Iowa, Tennessee, and Virginia who purchased the Product during the statutes of limitations for each cause of action alleged.

37. Common questions of issue, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

38. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

39. Plaintiff is an adequate representative because her interests do not conflict with other

members.

40. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

41. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

42. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

43. Plaintiff seeks class-wide injunctive relief because the practices continue.

## CAUSES OF ACTION

## COUNT I

### Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

44. Plaintiff incorporates by reference preceding paragraphs 1-15.

45. Plaintiff brings this claim on her own behalf and on behalf of each member of the Florida Class.

46. Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

47. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions, that it would take 3-and-a-half minutes total to prepare and be ready for consumption.

48. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that the Product would take 3-and-a-half minutes total to prepare and be ready for

consumption.

49. Plaintiff and class members relied upon these representations in deciding to purchase the Product.

50. Plaintiff's reliance was reasonable because of Defendant's reputation as a trusted and reliable company, known for its high-quality products, honestly marketed to consumers.

51. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

52. Defendant's conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous to consumers.

53. Plaintiff and class members are entitled to damages in an amount to be proven at trial.

54. Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that the Product takes longer than 3-and-a-half minutes total to prepare and be ready for consumption.

## COUNT II

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

55. Plaintiff incorporates by reference preceding paragraphs 1-15.

56. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

57. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

## COUNT III

### False and Misleading Advertising, Fla. Stat. § 817.41

58. Plaintiff incorporates by reference preceding paragraphs 1-15.

59. Plaintiff brings this claim on her own behalf and on behalf of each member of the Florida Class.

60. Defendant made misrepresentations of material fact regarding the total length of time it would take to prepare the Product for consumption, through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

61. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

62. Defendant knew that these statements were false.

63. Defendant intended for consumers to rely on its false statements for the purpose of selling the Product.

64. Plaintiff and class members did in fact rely upon these statements.

65. Reliance was reasonable and justified because of Defendant's reputation as a trusted and reliable company, known for its high-quality products, honestly marketed to consumers.

66. As a result of Defendant's misrepresentations, Plaintiff and class members suffered damages in the amount paid for the Product.

67. Plaintiff and class members are entitled to damages and injunctive relief as set forth above.

## COUNT IV

**Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.***

68. Plaintiff incorporates by reference preceding paragraphs 1-15.

69.

70. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that the Product would take 3-and-a-half minutes total to prepare and be ready for consumption.

71. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

72. Defendant knew the product attributes that potential customers like Plaintiff were seeking, and developed its marketing and labeling to directly meet those needs and desires.

73. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that that it would take 3-and-a-half minutes total to prepare and be ready for consumption.

74. Defendant's representations affirmed and promised that that the Product would take 3-and-a-half minutes total to prepare and be ready for consumption.

75. Defendant described the Product so Plaintiff believed it would take 3-and-a-half minutes total to prepare and be ready for consumption, which became part of the basis of the bargain that it would conform to its affirmations and promises.

76. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

77. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company, known for its high-quality products, honestly marketed to consumers.

78. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

79. Plaintiff provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

80. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

81. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

82. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it would take 3-and-a-half minutes total to prepare and be ready for consumption.

83. The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because she expected it would take 3-and-a-half minutes total to prepare and be ready for consumption, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

## COUNT V

### Negligent Misrepresentation

84. Plaintiff incorporates by reference preceding paragraphs 1-15.

85. Defendant had a duty to truthfully represent the Product, which it breached.

86. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, a trusted company, known for its high-quality products, honestly marketed to consumers.

87. Defendant's representations and omissions regarding the Product went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first, that it has been known for.

88. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

89. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

90. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

## COUNT VI

### Fraud
### (Fed. R. Civ. P. 9(b) Allegations)

91. Plaintiff incorporates by reference preceding paragraphs 1-15.

92. Defendant misrepresented and/or omitted the total length of time it would take to prepare the Product for consumption.

93. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

94. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

95. To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

96. WHO: Defendant, Kraft Heinz Foods Company, made material misrepresentations

and/or omissions of fact in its labeling and marketing of the Product by representing that the Product would take 3-and-a-half minutes total to prepare and be ready for consumption.

97. WHAT: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product takes 3-and-a-half minutes total to prepare and be ready for consumption.

98. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions.

99. Yet, Defendant has and continues to represent that the Product takes 3-and-a-half minutes total to prepare and be ready for consumption, when it does not.

100. WHEN: Defendant made material misrepresentations and/or omissions detailed herein, including that the Product would take 3-and-a-half minutes total to prepare and be ready for consumption, continuously throughout the applicable Class period(s).

101. WHERE: Defendant's material misrepresentations and omissions, that the Product takes 3-and-a-half minutes total to prepare and be ready for consumption, were located on the front of the Product's packaging, through the statement "ready in 3½ minutes," which instantly catches the eye of all reasonable consumers, including Plaintiff, at the point of sale in every transaction.

102. The Product is sold in grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

103. HOW: Defendant made written and visual misrepresentations right on the front label of the Product, that it would take 3-and-a-half minutes total to prepare and be ready for consumption even though the Product takes longer than 3-and-a-half minutes total to prepare and be ready for consumption.

104. As such, Defendant's representations are false and misleading.

105. And as discussed in detail throughout this Complaint, Plaintiff and class members read and relied on Defendant's representations and omissions before purchasing the Product.

106. WHY: Defendant misrepresented that the Product takes 3-and-a-half minutes total to prepare and be ready for consumption, for the express purpose of inducing Plaintiff and class members to purchase the Product at a substantial price premium.

107. As such, Defendant profited by selling the misrepresented Product to at least thousands of consumers throughout the nation.

## COUNT VIII

### Unjust Enrichment

108. Plaintiff incorporates by reference preceding paragraphs 1-15.

109. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;
3. Awarding monetary, statutory and/or punitive damages;
4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated: November 18, 2022

Respectfully submitted,

/s/William Wright

The Wright Law Office, P.A.
515 N Flagler Dr Ste P-300
West Palm Beach FL 33401
(561) 514-0904
willwright@wrightlawoffice.com

Sheehan & Associates, P.C.
Spencer Sheehan (*Pro Hac Vice* forthcoming)
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com