**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:22-CV-23782**

AMANDA RAMIREZ

       Plaintiff,

v.

KRAFT HEINZ FOODS COMPANY

       Defendant.

_____/

**DEFENDANT KRAFT HEINZ FOODS COMPANY'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1

II.   LEGAL STANDARD ............................................................................................ 3

III.  ARGUMENT ....................................................................................................... 5

    A.  Plaintiff Has Not Plausibly Alleged Consumer Deception ............................... 5

    B.  Plaintiff Lacks Standing Because She Suffered No Injury ............................... 7

    C.  Plaintiff's Tag-Along Claims Should Also Be Dismissed .............................. 9

        (1) Plaintiff's Consumer Fraud Claims Brought Pursuant to The Laws of Other States Fail.......................................................................................................9

        (2) Plaintiff's Claim for Breach of Express Warranty Fails............................... 10

        (3) Plaintiff's Claim for Breach of Implied Warranty Fails.............................. 10

        (4) Plaintiff's Claim for Violation of The MMWA Fails................................. 11

        (5) Plaintiff's Claims for Negligent Misrepresentation and Fraud Fail ........................... 12

        (6) Plaintiff's Claim for Unjust Enrichment Fails............................................ 13

    D.  Plaintiff Lacks Standing to Sue for Injunctive Relief .................................... 13

IV.  CONCLUSION ................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Angelo v. Parker*,
   275 So. 3d 752 (Fla. 1st Dist. Ct. App. 2019) ...........................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................3, 5

*Axon v. Citrus World, Inc.*,
   354 F. Supp. 3d 170 (E.D.N.Y. 2018) .....................................................................9

*Bailey v. Monaco Coach Corp.*,
   168 F. App'x 893 (11th Cir. 2006) ..........................................................................11

*Barreto v. Westbrae Nat., Inc.*,
   518 F. Supp. 3d 795 (S.D.N.Y. 2021).................................................................9, 11

*Becerra v. Dr Pepper/Seven Up, Inc.*,
   945 F.3d 1225 (9th Cir. 2019) ..................................................................................7

*Bell v. Publix Super Mkts. Inc.*,
   982 F.3d 468 (7th Cir. 2020) ....................................................................................4

*Boris v. Wal-Mart Stores, Inc.*,
   35 F. Supp. 3d 1163 (C.D. Cal. 2014) ......................................................................6

*Brown v. Electrolux Home Prods., Inc.*,
   817 F.3d 1225 (11th Cir. 2016) ..............................................................................11

*Bus. Radio, Inc. v. Relm Wireless Corp.*,
   373 F. Supp. 2d 1317 (M.D. Fla. 2005)..................................................................10

*Carter v. Ford Motor Co.*,
   2021 WL 1165248 (S.D. Fla. Mar. 26, 2021).........................................................10

*Chapman v. Abbott Lab'ys*,
   930 F. Supp. 2d 1321 (M.D. Fla. 2013)..................................................................12

*Cheslow v. Ghirardelli Chocolate Co.*,
   445 F. Supp. 3d 8 (N.D. Cal. 2020) ..........................................................................6

*Church v. City of Huntsville*,
   30 F.3d 1332 (11th Cir. 1994) ................................................................................13

*Dimieri v. Medicis Pharms. Corp.*,
    2014 WL 3417364 (M.D. Fla. July 14, 2014) ...................................................................10

*Elend v. Basham*,
    471 F.3d 1199 (11th Cir. 2006) ......................................................................................13

*Fitzgerald v. Polar Corp.*,
    2020 WL 6586628 (D. Mass. Nov. 10, 2020) ...............................................................6

*Fla. Power Corp. v. City of Winter Park*,
    887 So. 2d 1237 (Fla. 2004)..........................................................................................13

*Floyd v. Pepperidge Farm, Inc.*,
    581 F. Supp. 3d 1101 (S.D. Ill. 2022).............................................................................11

*Garcia v. Kashi Co.*,
    43 F. Supp. 3d 1359 (S.D. Fla. 2014) ...........................................................................10

*Great Fla. Bank v. Countrywide Home Loans, Inc.*,
    2011 WL 382588 (S.D. Fla. Feb. 3, 2011) ...................................................................12

*Grovenor House, LLC. v. E.I. Du Pont De Nemours & Co.*,
    2010 WL 883647 (S.D. Fla. Mar. 8, 2010)...................................................................12

*Guerrero v. Target Corp.*,
    889 F. Supp. 2d 1348 (S.D. Fla. 2012) .........................................................................13

*Hill v. Hoover Co.*,
    899 F. Supp. 2d 1259 (N.D. Fla. 2012)..........................................................................10

*Holland v. Abbott Lab'ys, Inc.*,
    2022 WL 4091367 (M.D. Fla. Sept. 7, 2022) ................................................................11

*Hoon v. Pate Constr. Co.*,
    607 So. 2d 423 (Fla. 4th Dist. Ct. App. 1992) ...............................................................12

*Inouye v. Adidas Am., Inc.*,
    2023 WL 2351654 (M.D. Fla. Mar. 3, 2023) ...............................................................10

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
    2021 WL 3666312 (S.D. Fla. Aug. 18, 2021)..............................................................4, 10

*Kennedy v. Floridian Hotel, Inc.*,
    998 F.3d 1221 (11th Cir. 2021) ......................................................................................13

*Koch v. Royal Wine Merchs., Ltd.*,
    847 F. Supp. 2d 1370 (S.D. Fla. 2012) ...........................................................................4

*Kuenzig v. Kraft Foods, Inc.*,
  2011 WL 4031141 (M.D. Fla. Sept. 12, 2011) .......................................................................6

*Kurimski v. Shell Oil Co.*,
  2022 WL 2913742 (S.D. Fla. June 30, 2022) ..............................................................4, 6, 12

*Kurimski v. Shell Oil Co.*,
  570 F. Supp. 3d 1228 (S.D. Fla. 2021) .................................................................................12

*Llado-Carreno v. Guidant Corp.*,
  2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ......................................................................4, 10

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ..................................................................................................................7

*Macias v. HBC of Fla., Inc.*,
  694 So. 2d 88 (Fla. Dist. Ct. App. 1997) .................................................................................8

*Marrache v. Bacardi U.S.A., Inc.*,
  17 F.4th 1084 (11th Cir. 2021) .................................................................................................4

*In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  2019 WL 5423457 (S.D. Fla. Oct. 23, 2019) .........................................................................14

*Moore v. Trader Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) ...................................................................................................6, 7

*Nagel v. Cronebaugh*,
  782 So. 2d 436 (Fla. 5th Dist. Ct. App. 2001) ......................................................................12

*Piescik v. CVS Pharmacy, Inc.*,
  576 F. Supp. 3d 1125 (S.D. Fla. 2021) ....................................................................4, 6, 13, 14

*Prohias v. Pfizer, Inc.*,
  485 F. Supp. 2d 1329 (S.D. Fla. 2007) ....................................................................................8

*Roman v. LoanDepot.com, LLC*,
  387 F. Supp. 3d 1389 (M.D. Fla. 2019) ...................................................................................5

*Slawsby v. Champion Petfoods USA, Inc., et al.*,
  2023 WL 2647065 (D. Mass. Mar. 27, 2023) ..........................................................................8

*Snyder v. Green Roads of Fla. LLC*,
  430 F. Supp. 3d 1297 (S.D. Fla. 2020) ..................................................................................14

*Spokeo, Inc. v. Robbins*,
  578 U.S. 330 (2016) ..................................................................................................................7

*Sugawara v. Pepsico, Inc.*,
  2009 WL 1439115 (E.D. Cal. May 21, 2009) ........................................................6

*Sweeney v. Kimberly-Clark Corp.*,
  2016 WL 727173 (M.D. Fla. Feb. 22, 2016) ........................................................8

*Szczubelek v. Cendant Mortg. Corp.*,
  2001 WL 34875217 (D.N.J. June 15, 2001) ........................................................9

*T.W.M. v. Am. Med. Sys., Inc.*,
  886 F. Supp. 842 (N.D. Fla. 1995) ........................................................10

*Tershakovec v. Ford Motor Co.*,
  546 F. Supp. 3d 1348 (S.D. Fla. 2021) ........................................................11

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*,
  2016 WL 4254257 (S.D. Fla. Feb. 16, 2016) ........................................................4

*Virgilio v. Ryland Grp., Inc.*,
  680 F.3d 1329 (11th Cir. 2012) ........................................................13

*Voelker v. Porsche Cars N. Am., Inc.*,
  353 F.3d 516 (7th Cir. 2003) ........................................................11

*Wasser v. All Market, Inc.*,
  329 F.R.D. 464 (S.D. Fla. 2018) ........................................................14

*Weiss v. Trader Joe's*,
  838 F. App'x 302 (9th Cir. 2021) ........................................................9

*Witt v. Howmedica Oseteonics Corp.*,
  2013 WL 6858395 (S.D. Fla. Dec. 30, 2013) ........................................................10

*Yeftich v. Navistar, Inc.*,
  722 F.3d 911 (7th Cir. 2013) ........................................................12

*Zlotnick v. Premier Sales Grp., Inc.*,
  480 F.3d 1281 (11th Cir. 2007) ........................................................4

**Statutes**

15 U.S.C. § 2310(d)(1) ........................................................11

Fla. Stat. Ann. § 672.314 ........................................................10

**Other Authorities**

Federal Rule of Civil Procedure 8 ........................................................9

Federal Rule of Civil Procedure 9(b)...................................................................................3, 4, 9, 12

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................3

Defendant Kraft Heinz Foods Company ("Kraft Heinz"), by and through its counsel, and pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6), respectfully moves the Court to dismiss plaintiff Amanda Ramirez's complaint with prejudice. In support thereof, Kraft Heinz states as follows:

## I. <u>INTRODUCTION</u>

Kraft Heinz's Velveeta Shells & Cheese Original comes in several varieties, including

 microwavable, single-serving cups. The microwavable cups purchased by plaintiff are sold in multi-pack boxes that contain preparation directions that are readily viewable to consumers at the time of purchase. The directions clearly and accurately list the four easy steps consumers must take to prepare the microwavable cups, and include a microwave cook time of 3½ minutes. Two other steps in the directions—

 removing the lid & cheese sauce and adding



water— are pre-microwave steps that can be completed in seconds. The final step—stirring in the cheese sauce—occurs post-microwaving and also can be completed in seconds. As a reference point for consumers, the *cook-time*—"ready in 3½ minutes"—is stated on the front-of-pack, next to the word

1

"microwaveable."[1] *See* Compl. ¶¶ 1, 3.

This all seems extremely straightforward and self-explanatory, but not according to plaintiff. Plaintiff alleges that she (and other consumers) believed the phrase "ready in 3½ minutes" meant not just the cook time, but the "total amount of time it takes to prepare the Product, meaning from the moment it is unopened [sic] to the moment it is ready for consumption." Compl. ¶ 9. Despite having purchased and prepared the product on multiple occasions (and thus being familiar with the preparation directions), plaintiff contends she was injured because she paid a premium for the cups based on her mistaken belief that she would be able to consume a fully prepared product exactly 3½ minutes after opening the package. Apparently, plaintiff believes that the purchase price of the product would have been less if the total time from package opening to consumption (perhaps 15-30 seconds longer) had been reported on the pack instead of the 3½ minute cooking time actually reported.

Plaintiff's theory of deception stretches the bounds of plausibility well past the breaking point. No reasonable consumer would read the phrase "ready in 3½ minutes" to refer to anything other than the cook time and would certainly not expect that statement to include time spent on ancillary tasks like removing the lid, removing the cheese sauce packet, adding water, and walking to the microwave. As a threshold matter, the time of these non-cooking tasks is truly *de minimis*. Moreover, the time to complete the non-cooking tasks is highly subjective. It could vary wildly by consumer depending on the circumstances. Accordingly, Kraft Heinz has no ability to standardize these non-cooking tasks, and reasonable consumers would not expect a food company to even try.

---

[1] Velveeta Shells & Cheese is also sold in multi-serving boxes. Unlike the microwavable convenience cups, the boxed product requires consumers to cook the pasta on the stovetop for about 8-10 minutes. The "ready in 3½ minutes" statement contrasts the microwavable cups with the boxed product, and lets consumers know that the microwavable cups can be prepared in less than half the cooking time of the non-microwavable product, and without use of a stovetop or pot.

Moreover, to read the product label in the manner alleged by plaintiff would require consumers to assume that the statement "Ready in 3½ Minutes . . . Microwaveable Shell Pasta and Cheese Sauce" actually says "3½ minutes *from package opening to consumption*." The label, of course, doesn't say that, and this Court is not required to assume that consumers are senseless. Moreover, plaintiff's theory of deception would separately require consumers to ignore the clear preparation directions that indicate that the cups require 3½ minutes *in the microwave*, and that the three other preparation steps are not included in that 3½ minutes. So, even if "ready in 3½ minutes" is somehow ambiguous, the preparation directions literally at the consumer's fingertips clearly indicate that the stated time is the <u>cook time only</u> and does not include time estimates for the other steps in the preparation directions.

Because no reasonable consumer would interpret the challenged statement in the manner alleged, plaintiff fails as a matter of law to allege anything false or deceptive about the product's labeling. For these and other reasons, this action should be dismissed with prejudice.

## II.  <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Evaluating a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the well-pleaded facts do not permit the court "to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief." *Id.* (citation omitted). Moreover, because plaintiff's claims sound in fraud, Federal Rule of Civil

Procedure 9(b)'s particularity requirement also applies.[2] *See, e.g.,* Compl. ¶¶ 48, 97.

To state a false advertising claim under FDUTPA and Fla. Stat. § 817.41, plaintiff must plausibly allege that the challenged label statement was deceptive to a reasonable consumer. *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (FDUTPA plaintiff must show that representation would likely deceive a reasonable consumer). The reasonable consumer standard is an objective standard that requires plaintiff to "show that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021) (internal quotations omitted); *Angelo v. Parker*, 275 So. 3d 752, 755 (Fla. 1st Dist. Ct. App. 2019) ("A [FDUTPA] plaintiff must show that a reasonably objective person in the same circumstances would have been deceived."). The context in which an allegedly misleading labeling statement appears is crucial because "[d]eceptive advertising claims [under state consumer protection statutes] should take into account all the information available to consumers and the context in which that information is provided and used." *Kurimski v. Shell Oil Co.*, 2022 WL 2913742, at *5 (S.D. Fla. June 30, 2022), (citing and quoting *Bell v. Publix Super Mkts. Inc.*, 982 F.3d 468, 477 (7th Cir. 2020)). "The presence of true information or a disclaimer can rebut a claim of deception." *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1133 (S.D. Fla. 2021).

---

[2] Rule 9(b)'s particularity requirement applies not only to claims labeled as "fraud" but also to other claims that "sound in fraud," including claims under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") and Section 817.41, Florida statutes that depend on alleged fraud or deception. *See Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (applying Rule 9(b) to FDUTPA claim); *Koch v. Royal Wine Merchs., Ltd.*, 847 F. Supp. 2d 1370, 1381 (S.D. Fla. 2012) (applying Rule 9(b) to FDUTPA claim); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 2016 WL 4254257, at *2-3 (S.D. Fla. Feb. 16, 2016) ("Courts in this district have determined that claims for false or misleading advertising under Fla. Stat. § 817.41 must comport with Rule 9(b). . . . [C]ourts regularly apply Rule 9(b) to FDUTPA claims ...."); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *8 (S.D. Fla. Aug. 18, 2021) (applying Rule 9(b) to FDUTPA claim alleging false advertising).

Where, as here, a plaintiff alleges a deceptive act but plaintiff's own complaint and "common sense" (*Iqbal*, 556 U.S. at 679) show nothing deceptive about the defendant's conduct, courts routinely dismiss FDUTPA claims for failure to state a claim. *See, e.g.*, *Roman v. LoanDepot.com, LLC*, 387 F. Supp. 3d 1389, 1394-1395 (M.D. Fla. 2019).

## III.   ARGUMENT

### A.   Plaintiff Has Not Plausibly Alleged Consumer Deception

All of plaintiff's claims should be dismissed because she does not plausibly allege consumer deception. Plaintiff's theory of deception relies on her wholly implausible interpretation of the statement "ready in 3½ minutes" to refer not to the product's cooking time, but instead to include any and all non-cooking steps a consumer would need to take from the time they pick up the container until it is ready to eat. Reasonable consumers are aware of preparation directions and fully understand that references like "ready in 3½ minutes" refers to the *cooking time*, and not to ancillary steps that do not have objective time periods.

Good, common-sense reasons support that common understanding. Not only is a precise time estimate impossible for subjective ancillary tasks (e.g., removing the lid, adding water, stirring the cheese sauce), but reasonable consumers are not even thinking about such things when they see an objective, precise time estimate. The relevant information that a consumer expects and is looking for is how long it's going to take to cook.[3] Indeed, although the complaint vaguely refers

---

[3] Reasonable consumers would understand that to try to come up with that type of time estimate would be close to impossible because it would require consideration of many variables, such as the distance from a consumer's sink to the microwave. Will consumers remember to grab a spoon before they put the cup in the microwave, or will they have to walk across their kitchen to fetch the spoon? Is the microwave immediately available or is a family member using it? How far do they have to walk between the microwave and a countertop so that they can stir the product? Do they add the water to the cup slowly or quickly? Did they get distracted and forget to take the product out of the microwave? Do they let the noodles cool down before adding the cheese sauce? How fast can they squeeze the cheese sauce into the cup? How many times do they like to stir the product?

to other "similar" products, it is noticeable that plaintiff can provide no other similar examples (because there are none) where removing a lid or stirring a cooked product were included in a time estimate for preparation. *See Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1169-70 (C.D. Cal. 2014) ("[L]iability cannot be premised solely on a consumer's assumptions about a product."); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020) (plaintiff's misconceptions and inferences about a product were insufficient to state a claim in the absence of any deceptive statements by defendant); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881-85 (9th Cir. 2021) (consumers apply common sense and outside knowledge when making purchasing decisions); *Fitzgerald v. Polar Corp.*, 2020 WL 6586628, at *5 (D. Mass. Nov. 10, 2020) (dismissing complaint because a consumer protection claim "depends on the likely reaction of a reasonable consumer rather than an ignoramus"); *Sugawara v. Pepsico, Inc.*, 2009 WL 1439115, at *3 (E.D. Cal. May 21, 2009) (consumers would not be deceived into thinking that Cap'n Crunch Crunchberries cereal contained real berries).

Moreover, if a consumer had any doubt, the preparation directions—which are fully viewable to the consumer at all points during the purchasing process—clearly say that 3½ minutes is the cooking time in the microwave only. Given the clear and available preparation directions, no reasonable consumer would believe that it would only take 3½ minutes from the moment that a consumer held the product in their hand to the moment the food is ready. *See Piescik*, 576 F. Supp. 3d at 1134 ("[T]he presence of accurate information can contribute to the implausibility that reasonable consumers would be deceived by some other information or assumption."); *Kurimski*, 2022 WL 2913742, at *7-8 (same; finding that reasonable consumer would take notice of a disclosure that the price a consumer pays when using a debit card is the "credit" price rather than "cash" price); *Kuenzig v. Kraft Foods, Inc.*, 2011 WL 4031141, at *9 (M.D. Fla. Sept. 12, 2011) ("Because the number of calories that come from fat is clearly disclosed . . . as a matter of law,

Kraft's labeling is not misleading."*)*; *Moore*, 4 F.4th at 882-83 (reasonable consumers cannot state a claim where they ignore "available information" that explains the product's characteristics).

The decision in *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225 (9th Cir. 2019) is instructive. There, the plaintiff alleged that the word "diet" in the name "Diet Dr Pepper" deceived consumers into believing that the soda would assist them in weight loss or healthy weight management. *Id.* at 1229. In affirming the dismissal of plaintiff's consumer protection claims, the Ninth Circuit found that when used in the name of a soft drink, a reasonable consumer would understand the word "diet" to mean merely that the soda has fewer calories than its non-diet counterpart, not as a promise of weight loss or weight management. *Id.* The plaintiff's theory of deception was not grounded in "the common *understanding*" of the word "diet" in the context in which it was used (on soft drink labels), but on an "alleged[ly] . . . plausible *misunderstanding* of the word." *Id.* The same is true here. In the context of preparing packaged food, consumers understand the objective phrase "ready in" to refer to the objective period of cooking time, and not to refer to each and every step they must take to get the food into edible form, particularly where, as here, the additional preparation steps are both *de minimis* (i.e., do not require significant time or effort) and are subject to potentially different time periods depending on the particular consumer and circumstances under which the product is prepared.

### B.   Plaintiff Lacks Standing Because She Suffered No Injury

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). For a plaintiff to have standing, she must demonstrate (1) an injury in fact, (2) causation, and (3) redressability. *Id.* To establish an injury in fact, plaintiff must allege that she "suffered an 'invasion of a legally protected interest' that is 'concrete and particularized,' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 339 (2016). Similarly, consumers are not entitled to any

relief under the FDUTPA unless they plead and prove that both "the conduct complained of was unfair and deceptive [and] he or she was aggrieved by the unfair and deceptive act." *Macias v. HBC of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 1997).

To establish standing, plaintiff must show that she was denied some tangible benefit of the bargain, as opposed to a subjectively perceived or never-realized injury. Here, plaintiff has not plausibly alleged she did not receive the benefit of her bargain. Plaintiff bargained for a single-serving microwavable cup of Velveeta Shells & Cheese that cooks for 3½ minutes in the microwave and that is exactly what she received. The complaint offers no concrete allegations of how she was denied the benefit of the bargain other than the conclusory allegation that it (ostensibly) took perhaps a minute longer of total time for plaintiff's Velveeta Shells & Cheese to be ready and thus she was subjectively (and idiosyncratically) disappointed by the total preparation time.

The complaint includes no allegations that would plausibly connect plaintiff's disappointment in the total preparation time to the price, and she makes no allegations regarding the quality or attributes of the challenged product. *See Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336-37 (S.D. Fla. 2007) (finding no Article III standing where plaintiff did not indicate the price the challenged product would sell for absent allegedly misleading advertising statements). This is particularly true here because she continued to purchase the product after becoming aware of the allegedly deceptive cook time. *See Sweeney v. Kimberly-Clark Corp.*, 2016 WL 727173, at *6 (M.D. Fla. Feb. 22, 2016), ("the fact that the Plaintiffs continue to purchase and use the Defendants' 'flushable' wipes makes their theory of damages too speculative to constitute an actual injury under Article III.") *order clarified and reconsideration denied*, 2016 WL 7138530 (M.D. Fla. Mar. 3, 2016); *see also Slawsby v. Champion Petfoods USA, Inc., et al.*, 2023 WL 2647065, at *2 (D. Mass. Mar. 27, 2023). Accordingly, the complaint should be dismissed on the

8

independent ground of lack of standing.

### C.  Plaintiff's Tag-Along Claims Should Also Be Dismissed

Plaintiff's tag-along claims for violation of state consumer fraud acts, breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent misrepresentation, fraud, and unjust enrichment are all based on the same defective theory of deception as the false advertising claim and should be dismissed for the same reasons. *See, e.g. Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021) ("Because the Court has already determined that [plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer, these causes of action[] are also dismissed for the reasons already stated."); *accord Axon v. Citrus World, Inc*., 354 F. Supp. 3d 170, 184–85 (E.D.N.Y. 2018), *aff'd*, 813 F. App'x 701, 706 (2d Cir. 2020); *Weiss v. Trader Joe's*, 838 F. App'x 302, 303–04 (9th Cir. 2021) (affirming dismissal of breach of warranty claims that were premised on "the exact same representations as [the plaintiff's] consumer protection claims").

In addition, these claims are also defective for other independent reasons, each of which warrants dismissal at this stage.

### (1)  Plaintiff's Consumer Fraud Claims Brought Pursuant to The Laws of Other States Fail

Plaintiff purports to bring claims for violations of the consumer fraud statutes of Alabama, Georgia, North Carolina, South Carolina, Utah, New Mexico, Alaska, Iowa, Tennessee, and Virginia. Compl. ¶¶ 36, 55-57. Plaintiff fails to allege even the most basic facts in support of the elements of these claims. *See* Compl. ¶¶ 55-57. Plaintiff thus fails to put Kraft Heinz on notice of the claims against it and fails to comport with Rule 8's most basic pleading requirements, let alone those of Rule 9(b). *See, e.g.*, *Szczubelek v. Cendant Mortg. Corp.*, 2001 WL 34875217, at *3 (D.N.J. June 15, 2001). Moreover, plaintiff alleges only that she purchased the product in Florida

(Compl. ¶ 28), and accordingly, she lacks standing to pursue claims for any non-Florida sales. *See Inouye v. Adidas Am., Inc.*, 2023 WL 2351654, at *6 (M.D. Fla. Mar. 3, 2023) (dismissing consumer fraud claims based on non-Florida state statutes for lack of standing because plaintiff neither resides there nor alleges that he purchased the products there).

### (2)   Plaintiff's Claim for Breach of Express Warranty Fails

Because plaintiff failed to plausibly allege that the product does not comport with the challenged statement on the label, she fails to allege a breach of warranty. *See also Jackson*, 2021 WL 3666312, at *18. Moreover, the express warranty claim also fails for lack of privity. *Dimieri v. Medicis Pharms. Corp.*, 2014 WL 3417364, at *5 (M.D. Fla. July 14, 2014) (Florida law provides that for a breach of an express warranty, the parties must be in privity); *accord Inouye*, 2023 WL 2351654, at *8; *Carter v. Ford Motor Co.*, 2021 WL 1165248, at *18 n.31 (S.D. Fla. Mar. 26, 2021); *Witt v. Howmedica Oseteonics Corp.*, 2013 WL 6858395, at *3 (S.D. Fla. Dec. 30, 2013) (same); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1267 (N.D. Fla. 2012) (same); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (same). Because plaintiff does not allege she purchased the products directly from Kraft Heinz, she has not adequately alleged that she was in privity.[4]

### (3)   Plaintiff's Claim for Breach of Implied Warranty Fails

To prevail on a breach of implied warranty claim, a plaintiff must allege that the challenged products were not fit for their ordinary purpose. Fla. Stat. Ann. § 672.314; *Llado-Carreno*, 2011 WL 705403, at *4; *Bus. Radio, Inc. v. Relm Wireless Corp.*, 373 F. Supp. 2d 1317, 1322 (M.D.

---

[4] To be sure, some courts in this Circuit have ruled that privity is not required on a claim for breach of express warranty. *See, e.g., Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1388-89 (S.D. Fla. 2014) (motion to dismiss order collecting decisions and recognizing a split in the Circuit). Kraft Heinz believes the better-reasoned view is to require privity. Because a breach of express warranty claim is, at its core, a claim for breach of contract, it follows that "the plaintiff must be in privity of contract with the defendant." *See, e.g., T.W.M.*, 886 F. Supp. at 844.

Fla. 2005). The ordinary purpose of the product is for consumption. Nowhere in the complaint does plaintiff allege that the products were not fit for that use. *See Barreto*, 518 F. Supp. 3d at 806-807.

Moreover, to prevail on a breach of implied warranty claim, a plaintiff must allege privity between the defendant and the consumer. *Bailey v. Monaco Coach Corp.*, 168 F. App'x 893, 894 n.1 (11th Cir. 2006) ("Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty."); *Holland v. Abbott Lab'ys, Inc.*, 2022 WL 4091367, at *4 (M.D. Fla. Sept. 7, 2022) ("A claim for breach of implied warranty under Florida law requires privity"). Plaintiff does not allege that she purchased the product directly from Kraft Heinz and accordingly cannot state a claim for breach of express warranty.

### (4)     Plaintiff's Claim for Violation of The MMWA Fails

Plaintiff's claims under the MMWA fail for the same reasons as her warranty claims under Florida law. *See Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1231 (11th Cir. 2016) ("[C]laims under the Magnuson–Moss Act are identical to the other warranty claims because they are also based on state law."). The MMWA creates a federal cause of action for breach of a written warranty arising under state law and the requirements are identical to those of state law warranty claims. *See Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1111 (S.D. Ill. 2022) (citing *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 522, 525 (7th Cir. 2003); 15 U.S.C. § 2310(d)(1)). Where, as here, plaintiff has failed to plausibly allege express and implied warranty claims, then the corresponding MMWA claim must also be dismissed. *See Tershakovec v. Ford Motor Co.*, 546 F. Supp. 3d 1348, 1368 (S.D. Fla. 2021) (dismissing MMWA claims "because a valid state law claim is a prerequisite to the federal claim"), *reconsideration granted on other grounds*, 2021 WL 3711444 (S.D. Fla. Aug. 20, 2021).

### (5)     Plaintiff's Claims for Negligent Misrepresentation and Fraud Fail

Plaintiff cannot plead claims for fraud or negligent misrepresentation without alleging a false statement or misrepresentation of a material fact. *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1249–50 (S.D. Fla. 2021), *leave to amend complaint granted*, 2022 WL 2346364 (S.D. Fla. Jan. 19, 2022); *see also Nagel v. Cronebaugh*, 782 So. 2d 436, 439 (Fla. 5th Dist. Ct. App. 2001) ("An essential element in any claim of fraudulent representation is . . . that a false statement concerning a material fact was made."); *Hoon v. Pate Constr. Co.*, 607 So. 2d 423, 428 (Fla. 4th Dist. Ct. App. 1992) ("[T]he heart of a claim for negligent misrepresentation is a false representation of fact."). Because plaintiff fails to point to any deceptive aspect of the product's label, her fraud and negligent misrepresentation claims are barred. *See Kurimski*, 570 F. Supp. 3d at 1249–50.

Moreover, Rule 9(b)'s particularity requirement also applies to plaintiff's claim for negligent misrepresentation. *See Grovenor House, LLC. v. E.I. Du Pont De Nemours & Co.*, 2010 WL 883647, at *2 (S.D. Fla. Mar. 8, 2010); *Chapman v. Abbott Lab'ys*, 930 F. Supp. 2d 1321, 1324 (M.D. Fla. 2013). To state a claim, plaintiff accordingly must "allege with particularity facts giving rise to a strong inference of Defendants' fraudulent intent." *Great Fla. Bank v. Countrywide Home Loans, Inc*., 2011 WL 382588, at *5 (S.D. Fla. Feb. 3, 2011). But plaintiff cites to none and relies only on the product label and challenged statement itself. *See* Compl. ¶ 93; 98; 106 ("Defendant misrepresented that the Product takes 3-and-a-half minutes total to prepare and be ready for consumption, for the express purpose of inducing Plaintiff and class members to purchase the Product at a substantial price premium."). That is insufficient because it provides no facts supporting the conclusion that Kraft Heinz acted with fraudulent intent. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013) ("Bare assertions of the state of mind required for [fraud based] claim[s] . . . must be supported with subsidiary facts."). Even so, the preparation directions

that expressly disclose that 3½ minutes is the cook time not the total preparation time negate any

fraudulent intent on behalf of Kraft Heinz.

### (6)   Plaintiff's Claim for Unjust Enrichment Fails

Plaintiff's stand-alone unjust enrichment claim is duplicative of remedies sought in her

other claims and should be dismissed for the same reasons. *See Guerrero v. Target Corp*., 889 F.

Supp. 2d 1348, 1357 (S.D. Fla. 2012) ("[I]f plaintiff cannot prevail on her FDUTPA claim, she

cannot prevail on her unjust enrichment claim."). Moreover, a claim for unjust enrichment requires

that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily

accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable

for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680

F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237,

1241 n.4 (Fla. 2004)). Plaintiff alleges that Kraft Heinz "obtained benefits and monies because the

Product was not as represented and expected . . ." Compl. ¶ 109. However, because plaintiff has

not alleged a deceptive act, it is not unjust for Kraft Heinz to retain any benefit it allegedly received.

*See Piescik*, 576 F. Supp. 3d at 1135.

### D.   Plaintiff Lacks Standing to Sue for Injunctive Relief

Injunctive relief focuses on the likelihood of imminent future injury. *Church v. City of*

*Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). A plaintiff who seeks injunctive relief must

plausibly show a "real and immediate" threat of future harm. *Kennedy v. Floridian Hotel, Inc.*,

998 F.3d 1221, 1229-30 (11th Cir. 2021); *accord Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir.

2006). Here, plaintiff alleges that she would purchase the product in the future "when she can do

so with the assurance its representations are consistent with its abilities, attributes, and/or

composition." Compl. ¶ 34.

Plaintiff, however, is now aware of the product's preparation instructions, and knows precisely where to look on the package to find them. Because plaintiff now "actually know[s] the truth underlying that labeling" (which was obvious all along), she "cannot be deceived by it in the future" and accordingly lacks standing to seek injunctive relief. *Wasser v. All Market, Inc.*, 329 F.R.D. 464, 471 (S.D. Fla. 2018); *see also Piescik*, 576 F. Supp. 3d at 1131 (plaintiff lacked standing to seek injunctive relief where he was "acutely aware" of the defendant's alleged misrepresentations); *see also Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1304 (S.D. Fla. 2020) (no standing to sue for injunctive relief where "Plaintiffs' allegations make clear that they will not purchase more of Defendant's products so long as the labeling does not meet their standards"); *In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019) (no standing to sue for injunctive relief where plaintiffs alleged that they "would not have purchased the Products had they known of the harm").

## IV.  **CONCLUSION**

For the reasons above, the complaint should be dismissed with prejudice.

Date: April 7, 2023                Respectfully submitted,

                                   /s/ Paige S. Comparato
                                   Paige S. Comparato
                                   Florida Bar No. 1002942
                                   pcomparato@kslaw.com
                                   King & Spalding LLP
                                   Southeast Financial Center -
                                   200 S. Biscayne Blvd, Suite 4700
                                   Miami, FL  33131
                                   Tel: (305) 462-6000

Keri E. Borders (*pro hac vice*)
kborders@kslaw.com
Dale J. Giali (*pro hac vice*)
dgiali@kslaw.com
Rebecca B. Johns (*pro hac vice*)
rjohns@kslaw.com
633 West Fifth St., 16th Fl.
Los Angeles, CA 90071
Tel: (213) 443-4355

Attorneys for KRAFT HEINZ FOODS COMPANY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 7, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a Notice of Electronic Filing on all counsel of record.


Dated: April 7, 2023

*/s/ Paige S. Comparato*