**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| Amanda Ramirez, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>- against -<br><br>Kraft Heinz Foods Company,<br><br>                      Defendant | 1:22-cv-23782-BB |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the Complaint

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iv

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 2

ARGUMENT .................................................................................................................................. 2

I.     FDUTPA CLAIMS ARE PLAUSIBLE ............................................................................ 2

        A.     The Entire Packaging Failed to Dispel Reasonable Expectations ......................... 2

        B.     Reasonable Consumers Understand "Ready In" To Mean Total Preparation and Finished Product ........................................................................ 3

        C.     Rule 9(b) Does Not Apply to FDUTPA Claims ..................................................... 4

II.    PRICE PREMIUM ALLEGATIONS ESTABLISH STANDING ..................................... 5

III.   PLAINITFF HAS STANDING TO PURSUE NON-FLORIDA CLAMS ........................ 6

        A.     "Elements" of Multi-State Consumer Statutes Not Required ............................... 6

        B.     Decision on Multi-State Claims Would be Premature ........................................... 7

IV.   PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ............................. 7

        A.     Warranty Claims are Based on Defendant's Representations ............................... 7

        B.     "Third-Party Beneficiary" Exception to Privity Applies ....................................... 8

        C.     Alternative Criteria for Implied Warranty Satisfied .............................................. 8

        D.     State Warranty Claims Support MMWA ................................................................ 9

V.    COMMON LAW CLAIMS ARE ADEQUATELY PLED ................................................ 9

        A.     Special Relationship Supports Negligent Misrepresentation ................................. 9

        B.     Rule 9(b) is Satisfied ............................................................................................ 10

        C.     Unjust Enrichment is Properly Maintained .......................................................... 10

VI.   PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF ................................ 11

CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Alhassid v. Bank of Am., N.A.*,
  60 F. Supp. 3d 1302 (S.D. Fla. 2014) .............................................................................. 2

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................................ 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 2, 4

*Barron v. Snyder's-Lance, Inc.*,
  No. 13-cv-62496, 2015 WL 11182066 (S.D. Fla. Mar. 20, 2015) ................................ 11

*Becerra v. Dr Pepper/Seven Up, Inc.*,
  945 F.3d 1225 (9th Cir. 2019) ........................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 2

*Bell v. Publix Super Markets, Inc.*,
  982 F.3d 468 (7th Cir. 2020) .......................................................................................... 3

*Bohlke v. Shearer's Foods, LLC*,
  No. 14-cv-80727, 2015 WL 249418 (S.D. Fla. Jan. 20, 2015) ................................... 6, 9

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
  116 F.3d 1364 (11th Cir. 1997) ...................................................................................... 5

*Bus. Radio, Inc. v. Relm Wireless Corp.*,
  373 F. Supp. 2d 1317 (M.D. Fla. 2005) ......................................................................... 8

*Costa v. Kerzner Int'l Resorts, Inc.*,
  No. 11-cv-60663, 2011 WL 2519244 (S.D. Fla. Jun. 23, 2011) ..................................... 5

*Floyd v. Pepperidge Farm, Inc.*,
  581 F. Supp. 3d 1101 (S.D. Ill. 2022) ............................................................................ 9

*Found. Resol. Corp. v. Aon Hewitt Inv. Consulting, Inc.*,
  No. 18-cv-458, 2019 WL 1931918 (M.D. Fla. May 1, 2019) ........................................ 9

*Garcia v. Kashi Co.*,
  43 F. Supp. 3d 1359 (S.D. Fla. 2014) ......................................................................... 4, 8

*Guerrero v. Target Corp.*,
  889 F. Supp. 2d 1348 (S.D. Fla. 2012) ........................................................................ 10

*In re All Am. Semiconductor, Inc.*,
  490 B.R. 418 (Bankr. S.D. Fla. 2013) .................................................................................. 9

*In re Bricam Am. LLC Equip. Lease Litig.*,
  No. 10-md-02183, 2014 WL 250246 (S.D. Fla. Jan. 22, 2014) ............................................. 5

*In re NorVergence, Inc.*,
  424 B.R. 663 (Bankr. D.N.J. 2010) ...................................................................................... 6

*Inouye v. Adidas Am., Inc.*,
  No. 22-cv-416, 2023 WL 2351654 (M.D. Fla. Mar. 3, 2023) ................................................ 7

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
  No. 20-cv-23392, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ...................................... 8, 11

*Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*,
  No. 11-cv-02438, 2012 WL 4712007 (D.S.C. Oct. 3, 2012) ................................................. 7

*Kelly v. Harris*,
  331 F.3d 817 (11th Cir. 2003) .............................................................................................. 2

*Knowles v. Mcdonald's USA, LLC*,
  No. 16-cv-81657, 2018 WL 8244277 (S.D. Fla. Feb. 9, 2018) ............................................. 7

*Kurimski v. Shell Oil Co.*,
  570 F. Supp. 3d 1228 (S.D. Fla. 2021) ................................................................................. 9

*Llado-Carreno v. Guidant Corp.*,
  No. 09-cv-20971, 2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ............................................. 4

*Macias v. HBC of Fla., Inc.*,
  694 So. 2d 88 (Fla. Dist. Ct. App. 1997) .............................................................................. 5

*Maliner v. Wachovia Bank, N.A.*,
  No. 04-cv-60237, 2005 WL 670293 (S.D. Fla. Mar. 1, 2005) .............................................. 9

*Marty v. Anheuser-Busch Cos., LLC*,
  43 F. Supp. 3d 1333 (S.D. Fla. 2014) ................................................................................... 6

*Moore v. Trader Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) ................................................................................................... 3

*N.Y. Cent. R.R. v. Kinney*,
  260 U.S. 340 (1922) .............................................................................................................. 7

*Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*,
  No. 16-cv-21255, 2016 WL 3390122 (S.D. Fla. June 17, 2016) .......................................... 8

*Piescik v. CVS Pharmacy, Inc.*,
   576 F. Supp. 3d 1125 (S.D. Fla. 2021) ............................................................................... 2, 6

*Porter v. Mainlands Sections 1 & 2 Civic Ass'n, Inc.*,
   No. 14-cv-62817, 2015 WL 11198233 (S.D. Fla. Sept. 29, 2015) ......................................... 10

*Prohias v. Pfizer, Inc.*,
   485 F. Supp. 2d 1329 (S.D. Fla. 2007) ..................................................................................... 5

*Sardinas v. Miami Veterinary Specialists, P.A.*,
   No. 20-cv-22987, 2020 WL 7241364 (S.D. Fla. Dec. 8, 2020) ................................................ 4

*Seaboard Air Line Ry. v. Koennecke*,
   239 U.S. 352 (1915) .................................................................................................................. 7

*SIG, Inc. v. AT&T Dig. Life, Inc.*,
   971 F. Supp. 2d 1178 (S.D. Fla. 2013) ..................................................................................... 5

*Snyder v. Green Roads of Fla. LLC*,
   430 F. Supp. 3d 1297 (S.D. Fla. 2020) ................................................................................... 11

*State Farm Mut. Auto. v. Performance Orthapedics*,
   315 F. Supp. 3d 1291 (S.D. Fla. 2018) ..................................................................................... 4

*Szczubelek v. Cendant Mortg. Corp.*,
   No. 00-cv-2858, 2001 WL 34875217 (D.N.J. June 15, 2001) .................................................. 6

*T.W.M. v. Am. Med. Sys., Inc.*,
   886 F. Supp. 842 (N.D. Fla. 1995) ............................................................................................ 8

*Thompson v. Allstate Ins. Co.*,
   476 F.2d 746 (5th Cir. 1973) ..................................................................................................... 7

*Toca v. Tutco*,
   430 F. Supp. 3d 1313 (S.D. Fla. 2020) ..................................................................................... 8

*U.S. Bank Nat. Ass'n v. Capparelli*,
   No. 13-cv-80323, 2014 WL 2807648 (S.D. Fla. Jun. 20, 2014) ............................................... 5

*Virgilio v. Ryland Grp., Inc.*,
   680 F.3d 1329 (11th Cir. 2012) ............................................................................................... 10

*Waters v. City of Sunrise*,
   No. 21-cv-62542, 2022 WL 1001488 (S.D. Fla. Apr. 3, 2022) ................................................. 4

*White v. Holland Furnace Co.*,
   31 F. Supp. 32 (S.D. Ohio 1939) .............................................................................................. 6

*Yeftich v. Navistar, Inc.*,
    722 F.3d 911 (7th Cir. 2013) .................................................................................................. 10

**Statutes**

15 U.S.C. 2301(6)(A) ................................................................................................................... 9

Field Code of 1848 ....................................................................................................................... 6

Fla. Stat. § 672.313(1)(a) ............................................................................................................. 8

Fla. Stat. § 672.314 ...................................................................................................................... 8

Fla. Stat. § 672.314(c) .................................................................................................................. 8

Fla. Stat. § 672.315 ...................................................................................................................... 9

**Regulations**

Fed. R. Civ. P. 8 ..................................................................................................................... 6, 10

Fed. R. Civ. P. 8(a) ...................................................................................................................... 5

Fed. R. Civ. P. 8(d)(2) ............................................................................................................... 10

Fed. R. Civ. P. 9(b) ........................................................................................................... 4, 5, 10

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 2

## INTRODUCTION

Plaintiff Amanda Ramirez ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Kraft Heinz Foods Company ("Defendant") to Dismiss the Complaint ("Compl."). ECF Nos. 1, 16.

Plaintiff brings claims for damages for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and the consumer protection laws of Alabama, Alaska, Georgia, Iowa, New Mexico, North Carolina, South Carolina, Tennessee, Utah and Virginia, Compl. ¶¶ 55-57, breaches of warranty, Compl. ¶¶ 68-83, and common law claims, Compl. ¶¶ 84-109, on behalf of consumers who purchased Defendant's microwavable single serve cups of mac and cheese under the Velveeta brand (the "Product"). Compl. ¶ 1. Plaintiff seeks monetary and injunctive relief, expenses, and reasonable attorneys' fees. Compl. at 14, Prayer for Relief, ¶¶ 2-4.

Defendant argues that the claims should be dismissed because, among other reasons, the allegations are implausible. Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Def. Mem.") at 2, ECF No. 16. None of its arguments are a basis for dismissal and its Motion should be denied.

## FACTUAL BACKGROUND

Defendant sells microwavable single serve cups of mac and cheese represented as "READY IN 3½ MINUTES." Compl. ¶ 1. However, "the Product takes longer than 3-and-a-half minutes to prepare for consumption," as consumers will believe that time frame is "from the moment it is unopened to the moment it is ready for consumption." Compl. ¶ 2. The directions "show that 3-and-a-half minutes is just the length of time to complete one of several steps." Compl. ¶ 10. Consumers "are misled to expect the Product will be ready for consumption in a shorter amount of time than it really takes to prepare." Compl. ¶ 13.

Had Plaintiff known these facts, she "would not have purchased it or [would] have paid less." Compl. ¶ 33.

## LEGAL STANDARDS

To proceed beyond a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must analyze whether a plaintiff "(1) 'suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

## ARGUMENT

### I.   FDUTPA CLAIMS ARE PLAUSIBLE

To demonstrate a "deceptive act or practice" under the FDUTPA, a plaintiff must allege "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1132 (S.D. Fla. 2021). On a motion to dismiss, the Court "must accept the plaintiff's allegations as true." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1310 (S.D. Fla. 2014).

#### A.   The Entire Packaging Failed to Dispel Reasonable Expectations

While Defendant imputes its belief as to "consumers' common sense and outside knowledge" of "ready in 3½ minutes," the Court is "required to accept as true" Plaintiff's factual allegations that she expected "the total amount of time it takes to prepare the Product, meaning

2

from the moment it is unopened to the moment it is ready for consumption." Def. Mem. at 13 citing *Moore v. Trader Joe's Co.*, 4 F.4th 874, 884 (9th Cir. 2021); Compl. ¶ 9.

Expecting a "microwavable single serve cups of mac and cheese" promoted to be "ready in 3½ minutes" does not "assume things [] other than what the statement actually says." *Moore*, 4 F.4th at 884; Compl. ¶ 1.

Unlike the allegations in *Moore* which sought "something that is impossible to find," Defendant cannot identify any obstacle to having a microwavable food to be prepared and "ready in 3½ minutes." *Moore*, 4 F.4th at 883-84 (honey made with nectar only from Manuka flower requires bees "to only work th[ose] [] flowers"); Compl. ¶ 1.

In selecting Defendant's "microwavable single serve cups of mac and cheese represented as 'ready in 3½ minutes,'" Plaintiff had more in common with "consumers who seek to stretch their money as far as possible when buying groceries," than "[C]onsumers of Manuka honey, a niche, specialty product" *Moore*, 4 F.4th at 884 quoting *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 479 (7th Cir. 2020) (recognizing that "consumers are likely to exhibit a low degree of care when purchasing low-priced, everyday items").

  B. <u>Reasonable Consumers Understand "Ready In" To Mean Total Preparation and Finished Product</u>

Defendant argues that "Plaintiff's theory of deception was not grounded in 'the common *understanding*' of the word '[ready in]' in the context in which it was used (preparing packaged food), [to refer to the objective period of cooking time] but on an 'alleged[ly] . . . plausible *misunderstanding* of the word, [to each and every step they must take to get the food into edible form.]" Def. Mem. at 14 citing *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019).

3

However, whether consumers share this view is a "factual dispute inappropriate for resolution on a motion to dismiss." Def. Mem. at 14; *Sardinas v. Miami Veterinary Specialists, P.A.*, No. 20-cv-22987, 2020 WL 7241364, at *5 (S.D. Fla. Dec. 8, 2020).

Accordingly, representing the Product as "ready in 3½ minutes," while it "takes longer than 3-and-a-half minutes to prepare for consumption," is the type of "deceptive act or practice" prohibited by the FDUPTA, as it is "likely to deceive a consumer acting reasonably in the same circumstances." *State Farm Mut. Auto. v. Performance Orthopedics*, 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018); Compl. ¶ 2.

Furthermore, to accept Defendant's interpretation of "ready in 3½ minutes," as "refer[ring] to the objective period of cooking time, and not to refer to each and every step they must take to get the food into edible form," is not only contrary to common sense and logic, but contrary to the standard on a motion to dismiss, by which the Court is "required to accept as true" all factual allegations in the Complaint. Def. Mem. at 14; *Waters v. City of Sunrise*, No. 21-cv-62542, 2022 WL 1001488, at *8 (S.D. Fla. Apr. 3, 2022).

These facts constitute "sufficient factual content to allow 'the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged.'" *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1383 (S.D. Fla. 2014) quoting *Iqbal*, 556 U.S. at 678.

C. <u>Rule 9(b) Does Not Apply to FDUTPA Claims</u>

Defendant argues in a footnote that "Rule 9(b)'s particularity requirement applies [] to other claims that "sound in fraud," including claims under FDUTPA.". Def. Mem. at 11 n.2 citing *Llado-Carreno v. Guidant Corp.*, No. 09-cv-20971, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011)

However, this ignores that "FDUTPA claims can be based on deceptive or unfair practices that do not involve fraud," such as the violations here, and "claim[s] based on deceptive or unfair

4

practices that do not involve fraud [are] exempt from the particularity requirements of Rule 9(b)." *SIG, Inc. v. AT&T Dig. Life, Inc.*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013); *see also In re Bricam Am. LLC Equip. Lease Litig.*, No. 10-md-02183, 2014 WL 250246, at *10 (S.D. Fla. Jan. 22, 2014); Fed. R. Civ. P. 9(b).

In addition, "Rule 9(b) must be read in conjunction with Rule 8(a), which requires [] [P]laintiff to plead only a short, plain statement of the grounds upon which [s]he is entitled to relief." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Accordingly, because "Rule 9(b) does not apply to FDUTPA claims, its requirements cannot serve as a basis to dismiss those claims." *U.S. Bank Nat. Ass'n v. Capparelli*, No. 13-cv-80323, 2014 WL 2807648, at *5 (S.D. Fla. Jun. 20, 2014); *see also Costa v. Kerzner Int'l Resorts, Inc.*, No. 11-cv-60663, 2011 WL 2519244, at *2 (S.D. Fla. Jun. 23, 2011) ("[A] FDUTPA plaintiff need not meet the Rule 9(b) pleading standard for fraud claims.").

## II.     PRICE PREMIUM ALLEGATIONS ESTABLISH STANDING

Defendant argues that "plaintiff has not plausibly alleged she did not receive the benefit of her bargain," and she is "not entitled to any relief under the FDUTPA unless [she] plead[s] and prove[s] that [] "[she] was aggrieved by the unfair and deceptive act.'" Def. Mem. at 14-15 citing *Macias v. HBC of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 1997).

Defendant's reliance on *Prohias* with respect to the Complaint's purported failure to "connect plaintiff's disappointment in the total preparation time to the price" disregards that those plaintiffs "continue[d] to purchase [that product] even though they [we]re purportedly []aware of the 'truth.'" Def. Mem. at 15 citing *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1335-37 (S.D. Fla. 2007).

In contrast, "there are no allegations in the [] Complaint that the plaintiff continued to purchase [the Product] after [] learn[ing] [it] was" labeled deceptively. *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1346 (S.D. Fla. 2014).

Since "the recovery of damages under FDUPTA depends on whether the consumer paid a premium," defined here as "the difference between the [Product] as advertised (according to Plaintiff, ["READY IN 3½ MINUTES"]) and the value of the [Product] sold," she has "adequately ple[d]" an injury. *Piescik*, 576 F. Supp. 3d at 1130; Compl. ¶¶ 1, 15, 106.

Plaintiff sufficiently "alleged that she paid a price premium for the [P]roduct[] due to the [misleading] labeling" of "READY IN 3½ MINUTES" which is "all that is required to be pled." *Bohlke v. Shearer's Foods, LLC*, No. 14-cv-80727, 2015 WL 249418, at *8 (S.D. Fla. Jan. 20, 2015); Compl. ¶¶ 1, 15.

### III. PLAINITFF HAS STANDING TO PURSUE NON-FLORIDA CLAMS

#### A. <u>"Elements" of Multi-State Consumer Statutes Not Required</u>

Though Defendant contends "Plaintiff fails to allege even the most basic facts in support of the elements of the [non-Florida] consumer fraud statutes, Fed. R. Civ. P. 8 "adopted the words 'claim' or 'claim for relief' in place of the term 'cause of action,'" in contrast to the ossified technicalities of the Field Code. Def. Mem. at 16 citing *Szczubelek v. Cendant Mortg. Corp.*, No. 00-cv-2858, 2001 WL 34875217, at *3 (D.N.J. June 15, 2001) distinguished by *In re NorVergence, Inc.*, 424 B.R. 663 (Bankr. D.N.J. 2010); *White v. Holland Furnace Co.*, 31 F. Supp. 32, 34 (S.D. Ohio 1939) quoting Fed. R. Civ. P. 8(a)(2) *compare with* Field Code of 1848 (requiring the pleader to provide "[a] statement of the facts constituting the cause of action.").[1]

---

[1] The Field Code was intended to simplify pleading, and was successful for a time, until it became as arthritic as what it sought to replace.

What matters under the Federal Rules is not whether Plaintiff "f[ound] just exactly the prescribed combination of words and phrases" by "locat[ing] applicable statutes," but "the specified conduct of [the] [D]efendant upon which the [P]laintiff tries to enforce h[er] claim." *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973); *see also N.Y. Cent. R.R. v. Kinney*, 260 U.S. 340, 360 (1922).

Here, "[t]he facts constituting the tort were the same," because "it is misleading to promote the Product as "ready in 3½ minutes" "because the Product takes longer than 3-and-a-half minutes to prepare for consumption." *Seaboard Air Line Ry. v. Koennecke*, 239 U.S. 352, 354 (1915); Compl. ¶ 2.

### B. Decision on Multi-State Claims Would be Premature

Though Defendant argues that Plaintiff only "purchased the Product in Florida" and "lacks standing to pursue claims for any non-Florida sales," this overlooks that the consumer protection statutes covering the Multi-State class "require the same materially misleading conduct as the claims under FDUTPA," which is why those claims should be decided at class certification. Def. Mem. at 16-17 citing *Inouye v. Adidas Am., Inc.*, No. 22-cv-416, 2023 WL 2351654, at *6 (M.D. Fla. Mar. 3, 2023); *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 11-cv-02438, 2012 WL 4712007, at *2 (D.S.C. Oct. 3, 2012).

Nonetheless, because Plaintiff established her own standing, whether she can represent citizens outside of Florida is "logically antecedent" to issues typically resolved on class certification. Def. Mem. at 17; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

### IV. PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

#### A. Warranty Claims are Based on Defendant's Representations

Defendant argues that Plaintiff's express warranty claim must be dismissed because "the Product does not comport with the challenged statement on the label." Def. Mem. at 17 citing

7

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *18 (S.D. Fla. Aug. 18, 2021)

However, the representation "READY IN 3½ MINUTES" was an "affirmation of fact" by Defendant that "the Product would take 3-and-a-half minutes total to prepare and be ready for consumption." which it breached. Fla. Stat. § 672.313(1)(a); Compl. ¶¶ 1, 70.

B. "Third-Party Beneficiary" Exception to Privity Applies

The argument that Plaintiff "lacks privity" because she did not "purchase[] the product directly from Kraft Heinz," ignores that she satisfies the "third-party beneficiary" exception to privity. Def. Mem. at 17-18 and n.4 citing *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) and *Garcia*, 43 F. Supp. 3d at 1388-89 (privity is not required on a claim for breach of express warranty); *Toca v. Tutco*, 430 F. Supp. 3d 1313, 1326 (S.D. Fla. 2020).

Since Plaintiff was "directly marketed [to]," "through [Defendant's] advertisements and marketing," she "can state a claim for breach of express warranty and breach of implied warranty of merchantability, even without direct privity," because she "adequately allege[d] that [she] was a third-party beneficiary." *Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*, No. 16-cv-21255, 2016 WL 3390122, at *5 (S.D. Fla. June 17, 2016); Compl. ¶ 71.

C. Alternative Criteria for Implied Warranty Satisfied

Defendant's attempt to dismiss the implied warranty claim because Plaintiff has not alleged "that the [Product] is unfit for human consumption" disregards that there are other factors considered. Def. Mem. at 14-15 citing *Bus. Radio, Inc. v. Relm Wireless Corp.*, 373 F. Supp. 2d 1317, 1322 (M.D. Fla. 2005); Fla. Stat. § 672.314 (listing six factors).

The Product was not "fit for [its] ordinary purpose for which it was intended, [to] take 3-and-a-half minutes total to prepare and be ready for consumption." Fla. Stat. § 672.314(c); Compl. ¶ 82.

Also, Defendant "ha[d] reason to know [the] particular purpose for which [the Product] [was] required," because "she expected it would take 3-and- a-half minutes total to prepare and be ready for consumption." Fla. Stat. § 672.315; Compl. ¶ 83.

### D.  State Warranty Claims Support MMWA

Contrary to Defendant's contention that Plaintiff's "state-law warranty claims" fail, the plausible warranty allegations support her Magnuson-Moss Warranty Act ("MMWA") claim. Def. Mem. at 18 citing *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1111 (S.D. Ill. 2022).

The Product's representation of "READY IN 3½ MINUTES" "promised it would be defect-free, and Plaintiff understood this meant that it would take 3-and- a-half minutes total to prepare and be ready for consumption." *Bohlke*, 2015 WL 249418, at *11; Compl. ¶¶ 1, 73; 15 U.S.C. 2301(6)(A).

## V.  COMMON LAW CLAIMS ARE ADEQUATELY PLED

### A.  Special Relationship Supports Negligent Misrepresentation

Even if, as Defendant suggests, the negligent misrepresentation claim fails because Plaintiff made no "misrepresentation of material fact," she can recover "purely economic losses [where] arising from [the] misrepresentation[s] [] made in a negligent manner." Def. Mem. at 19 citing *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1249-50 (S.D. Fla. 2021); *Maliner v. Wachovia Bank, N.A.*, No. 04-cv-60237, 2005 WL 670293, at *8 (S.D. Fla. Mar. 1, 2005).

Further, Defendant's "outsized role" as "a trusted company, known for its high-quality products, honestly marketed to consumers," meant it was "in the business of supplying information for the guidance of others" in this field, creating a duty, "outside of [the] contract" to provide non-deceptive information, which it breached. *Found. Resol. Corp. v. Aon Hewitt Inv. Consulting, Inc.*, No. 18-cv-458, 2019 WL 1931918, at *7 (M.D. Fla. May 1, 2019); *In re All Am. Semiconductor, Inc.*, 490 B.R. 418, 433 (Bankr. S.D. Fla. 2013); Compl. ¶ 77.

### B. Rule 9(b) is Satisfied

Though Defendant argues that Plaintiff "provides no facts supporting the conclusion that Kraft Heinz acted with fraudulent intent," she adequately alleged the "who, what, where, when, and how of the alleged fraud," which satisfies Fed. R. Civ. P. 9(b). Def. Mem. at 19 citing *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013); *Porter v. Mainlands Sections 1 & 2 Civic Ass'n, Inc.*, No. 14-cv-62817, 2015 WL 11198233, at *1 (S.D. Fla. Sept. 29, 2015).

The "who" was "Kraft Heinz Foods Company." Compl. ¶ 25. The "what" was the label statement "READY IN 3½ MINUTES." Compl. ¶ 1. The "where" and "when" was at "Publix, 3339 W 80th St, Hialeah, FL 33018, between October and November 2022." Compl. ¶ 28. The "how" was "deceiv[ing] Plaintiff [] into believing that the Product would take 3-and-a-half minutes total to prepare and be ready for consumption." Compl. ¶ 48.

### C. Unjust Enrichment is Properly Maintained

Although Defendant argues that Plaintiff's unjust enrichment claim fails because it "is duplicative of remedies sought in her other claims," Fed. R. Civ. P. 8 permits Plaintiff to "set out 2 or more statements of a claim [and her] pleading is sufficient if any one of them is sufficient." Def. Mem. at 20 citing *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 (S.D. Fla. 2012); Fed. R. Civ. P. 8(d)(2).

Moreover, although Defendant argues that "because plaintiff has not alleged a deceptive act, it is not unjust for Kraft Heinz to retain any benefit it allegedly received," Plaintiff established her theory of deception is plausible and alleged she failed to receive the benefit of her bargain, "because the Product was not as represented and expected." Def. Mem. at 20 citing *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012); Compl. ¶ 109.

## VI. PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

Although Plaintiff "is now aware of the Product's preparation instructions" and therefore "cannot be deceived by it in the future," she lacks "assurance [the Product's] representations are [truthful]" and is "unable to rely on the labeling [of] other similar products," "because she is unsure whether those representations are truthful." Def. Mem. at 21 citing *Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1304 (S.D. Fla. 2020); Compl. ¶¶ 34, 35; *Jackson*, 2021 WL 3666312, at *9 (holding that plaintiffs established Article III standing for purposes of injunctive relief by "alleg[ing] an intent to resume purchasing the products at issue in the future.").

Indeed, because Defendant's "[deceptive] practices continue," Plaintiff has alleged "a sufficient likelihood that [s]he will be affected by the [] unlawful conduct in the future." *Barron v. Snyder's-Lance, Inc.*, No. 13-cv-62496, 2015 WL 11182066, at *10 (S.D. Fla. Mar. 20, 2015); Compl. ¶ 43.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file an Amended Complaint.

Dated: April 21, 2023

Respectfully submitted,

/s/ William Wright
The Wright Law Office, P.A.
515 N Flagler Dr Ste P-300
West Palm Beach FL 33401
Tel: (561) 514-0904
willwright@wrightlawoffice.com

Sheehan & Associates, P.C.
Spencer Sheehan (*Pro Hac Vice* forthcoming)
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com

**Certificate of Service**

I certify that on April 21, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ William Wright