UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:22-CV-23782

AMANDA RAMIREZ

    Plaintiff,

v.

KRAFT HEINZ FOODS COMPANY

    Defendant.

_____/

**DEFENDANT KRAFT HEINZ FOODS COMPANY'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Plaintiff Has Not Plausibly Alleged Consumer Deception................................................1

    B. Plaintiff Lacks Standing Because She Suffered No Injury................................................3

    C. Plaintiff Fails to Rehabilitate Her Ancillary Claims..........................................................4

        (1) Plaintiff's Consumer Fraud Claims Brought Pursuant to The Laws of Other States Fail................................................................................................................................ 4

        (2) The Third-Party Beneficiary Exception Does Not Apply .......................................... 5

        (3) Plaintiff's Claim for Breach of Express and Implied Warranty Fail for Additional Reasons.......................................................................................................................... 6

        (4) Plaintiff's Claim for Violation of The MMWA Fails.................................................. 6

        (5) Plaintiff's Claims for Negligent Misrepresentation and Fraud Fail .......................... 7

        (6) Plaintiff's Claim for Unjust Enrichment Fails............................................................ 7

    D. Plaintiff Lacks Standing to Sue for Injunctive Relief........................................................8

III. CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barreto v. Westbrae Nat.*,
    518 F. Supp. 3d 795 (S.D.N.Y. 2021)......................................................................................6

*Bohlke v. Shearer's Foods, LLC*,
    2015 WL 249418 (S.D. Fla. Jan. 20, 2015) ..........................................................................6, 7

*Boris v. Wal-Mart Stores, Inc.*,
    35 F. Supp. 3d 1163 (C.D. Cal. 2014) ....................................................................................2

*Bus. Radio, Inc. v. Relm Wireless Corp.*,
    373 F. Supp. 2d 1317 (M.D. Fla. 2005) ..................................................................................6

*Cardenas v. Toyota Motor Corp.*,
    418 F. Supp. 3d 1090 (S.D. Fla. 2019) ...................................................................................5

*Cheslow v. Ghirardelli Chocolate Co.*,
    445 F. Supp. 3d 8 (N.D. Cal. 2020) ........................................................................................2

*Doss v. Gen. Mills, Inc.*,
    2019 WL 7946028 (S.D. Fla. June 14, 2019),
    *aff'd*, 816 F. App'x 312 (11th Cir. 2020) ................................................................................4

*Fitzgerald v. Polar Corp.*,
    2020 WL 6586628 (D. Mass. Nov. 10, 2020) ........................................................................2

*Garcia v. Kashi Co.*,
    43 F. Supp. 3d 1359 (S.D. Fla. 2014) .....................................................................................2

*Great Fla. Bank v. Countrywide Home Loans, Inc.*,
    2011 WL 382588 (S.D. Fla. Feb. 3, 2011) .............................................................................7

*Guerrero v. Target Corp.*,
    889 F. Supp. 2d 1348 (S.D. Fla. 2012) ...................................................................................7

*Inouye v. Adidas Am., Inc.*,
    2023 WL 2351654 (M.D. Fla. Mar. 3, 2023) .........................................................................4

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
    2021 WL 3666312 (S.D. Fla. Aug. 18, 2021).........................................................................6

*Kurimski v. Shell Oil Co.*,
    570 F. Supp. 3d 1228 (S.D. Fla. 2021) ...................................................................................7

*Kurimski v. Shell Oil Co.*,
 2022 WL 2913742, at *8 (S.D. Fla. June 30, 2022) ..................................................................1

*Moore v. Trader Joe's Co.*,
 4 F.4th 874 (9th Cir. 2021) ....................................................................................................2, 3

*Padilla v. Porsche Cars N. Am., Inc.*,
 391 F. Supp. 3d 1108 (S.D. Fla. 2019) .....................................................................................5

*Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*,
 2016 WL 3390122 (S.D. Fla. June 17, 2016) ...........................................................................5

*Piescik v. CVS Pharmacy, Inc.*,
 576 F. Supp. 3d 1125 (S.D. Fla. 2021) ............................................................................1, 7, 8

*Prohias v. Pfizer, Inc.*,
 485 F. Supp. 2d 1329 (S.D. Fla. 2007) .....................................................................................3

*Sardinas v. Miami Veterinary Specialists, P.A.*,
 2020 WL 7241364 (S.D. Fla. Dec. 8, 2020) .............................................................................2

*In re: Takata Airbag Prods. Liab. Litig.*,
 2016 WL 1266609 (S.D. Fla. Mar. 11, 2016) ...........................................................................5

*Toca v. Tutco, LLC*,
 430 F. Supp. 3d 1313 (S.D. Fla. 2020) .....................................................................................5

*Williams v. Reckitt Benckiser LLC*,
 2023 WL 2906311 (11th Cir. Apr. 12, 2023) ...........................................................................8

## I. INTRODUCTION

In plaintiff's Opposition (ECF No. 19), plaintiff confirms her reliance on the flawed theory of deception detailed in Kraft Heinz's motion to dismiss. Plaintiff alleges that the phrase "Ready in 3½ Minutes" means the product would be entirely ready for consumption three and a half minutes after opening the package. But a reasonable consumer understands that the phrase "Ready in 3½ Minutes" refers to the cook time and would not understand that statement to also encompass time devoted to ancillary tasks such as removing the lid, adding water, walking to the microwave, and post-cooking stirring. Moreover, a reasonable consumer would not ignore the preparation instructions that expressly state that the "3½ Minutes" specifically refers to the cooking time. Ultimately, plaintiff's opposition confirms that her theory of deception is based on an idiosyncratic and implausible misreading of the product's label and defies common sense. As court after court has recognized, a consumer deception complaint based on such allegations does not state a claim and should be dismissed in its entirety, with prejudice.

## II. ARGUMENT

### A. Plaintiff Has Not Plausibly Alleged Consumer Deception

Plaintiff does not argue that Kraft Heinz misstates her theory of deception. Rather, she largely relies on the legal principle that whether a reasonable consumer would be deceived is a factual dispute inappropriate for resolution on a motion to dismiss. *See* Opp. at 4. However, where, as here, a plaintiff fails plausibly to allege that a reasonable consumer would be deceived by a challenged labeling statement, courts can, and do, dismiss at the pleading stage. *See, e.g.*, *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1134 (S.D. Fla. 2021) (dismissing action with prejudice); *Kurimski v. Shell Oil Co.*, 2022 WL 2913742, at *8 (S.D. Fla. June 30, 2022) (dismissing

action with prejudice). Relatedly, while plaintiff argues that the Court is "required to accept as true" her factual allegations regarding her expectations of the products (Opp. at 2-3), the Court is not required to accept as true the legal conclusion that consumers would be deceived by the challenged label statement or plaintiff's misunderstanding of the label; neither is relevant to what a reasonable consumer would assume and understand.[1] *See* Mot. to Dismiss (ECF No. 16) at 6 (citing *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1169-70 (C.D. Cal. 2014); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881-85 (9th Cir. 2021); *Fitzgerald v. Polar Corp.*, 2020 WL 6586628, at *5 (D. Mass. Nov. 10, 2020).

When the actual label statements are reviewed in context and using common sense, plaintiff's theory collapses. It is not plausible that a reasonable consumer would espouse plaintiff's interpretation of the statement "Ready in 3½ Minutes." Reasonable consumers are aware of preparation directions and understand that a timing element does not refer to each and every step that a person must take following opening the package in order to have ready-to-eat macaroni and cheese. Here, the statement clearly refers to cooking time. And plaintiff fails to meaningfully address the fact that what "3½ Minutes" referred to was clearly printed on the label and available

---

[1] The decisions cited by plaintiff are inapposite. For example, *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359 (S.D. Fla. 2014), involved various food products labeled as "natural," when in fact they allegedly contained GMOs and other allegedly synthetic ingredients. Whether or not a reasonable consumer would be deceived by allegedly artificial ingredients in a product labeled as "natural" is an entirely different question based on entirely different label statements from whether a consumer could plausibly understand the "Ready in 3 ½ Minutes" statement in the manner plaintiff alleges here. And *Sardinas v. Miami Veterinary Specialists, P.A.*, 2020 WL 7241364, at *5 (S.D. Fla. Dec. 8, 2020), related to whether the Court lacked subject matter jurisdiction in that matter, and the Court found allegations that conditions precedent had been satisfied were sufficient for the pleading stage.

to her at all points during the purchasing process in the step-by-step instructions to prepare the macaroni and cheese for consumption.

Plaintiff's response to Kraft Heinz's plausibility analysis is to attempt to distinguish *Moore v. Trader Joe's Co.*, 4 F.4th 874, 879 (9th Cir. 2021). *See* Opp. at 2-3. As an initial matter, *Moore* is just one decision among many relied on by Kraft Heinz in support of the widely recognized principle that liability cannot be premised on a plaintiff's idiosyncratic interpretation of a product label. *See* Mot. to Dismiss at 5-6. Moreover, plaintiff's arguments as to why *Moore* is distinguishable are unpersuasive. Plaintiff argues that her interpretation of the phrase "Ready in 3½ Minutes" does not assume anything other than what the statement in fact says. Opp. at 3. But plaintiff's reading of the phrase requires consumers to ignore the commonsense interpretation that the product needs to be *cooked* for 3½ minutes, and instead to read into the phrase that the product will be entirely ready to consume in that time. Plaintiff also argues that *Moore* presented a situation where the product label, as interpreted by plaintiff, would have referred to a product that is impossible to find. *See* Opp. at 3. But that is also true here: no company can accurately predict preparation time in the way that plaintiff suggests. The legal analysis applied in *Moore*—reading a challenged label statement in context, using common sense, and incorporating what the reasonable consumer brings to the purchasing experience—is entirely applicable here and is dispositive.

B.   **Plaintiff Lacks Standing Because She Suffered No Injury**

Plaintiff lacks standing because the complaint does not allege how plaintiff was denied the benefit of the bargain, nor does it plausibly connect plaintiff's disappointment in the total preparation time of the product to the price. *See Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336-37 (S.D. Fla. 2007). Plaintiff argues that Kraft Heinz's reliance on *Prohias* is misplaced because,

there, the plaintiff continued to purchase the product despite being aware of the purported "truth." Opp. at 5. But that is precisely what plaintiff alleges here; plaintiff claims to have purchased the products on numerous occasions. *See* Compl. ¶ 28 (alleging that plaintiff "purchased the Product at locations . . . between October and November 2022, among other times."). Because plaintiff would have become aware of the fact that the product needed to be microwaved when she made the first cup of macaroni and cheese that she purchased, her subsequent purchases were made with full knowledge of that fact.

Plaintiff also has not adequately alleged that the product she purchased is different from the product that was advertised, or that it caused some harm. *See Doss v. Gen. Mills, Inc.*, 2019 WL 7946028, at *2 (S.D. Fla. June 14, 2019), *aff'd*, 816 F. App'x 312 (11th Cir. 2020) (finding plaintiff had not alleged she did not receive the benefit of her bargain where "there is no allegation that she did not receive, at a minimum, the product General Mills said it was offering"). Plaintiff claims that she pleads an adequate injury because she alleges that she paid the difference between the product as advertised and the value of the product sold. *See* Opp. at 6. But plaintiff has not alleged that the product she received was worth less, even if it took a few seconds or a minute more to prepare.

    **C.**    <u>**Plaintiff Fails to Rehabilitate Her Ancillary Claims**</u>

        **(1)**    **Plaintiff's Consumer Fraud Claims Brought Pursuant to The Laws of Other States Fail**

Plaintiff argues that because she has established her own standing, whether she can represent citizens outside of Florida is an issue to be resolved at class certification. *See* Opp. at 7. But this argument was rejected in *Inouye v. Adidas Am., Inc.*, 2023 WL 2351654, at *5-6 (M.D. Fla. Mar. 3, 2023), because to survive dismissal, there must be a plaintiff with constitutional standing for each claim. *See id.* ("[B]ecause Mr. Inouye does not have standing to assert claims on behalf of

future, hypothetical plaintiffs, his state statutory claims based on the law of states in which he does not reside are dismissed."); *see also In re: Takata Airbag Prods. Liab. Litig.*, 2016 WL 1266609, at *4 (S.D. Fla. Mar. 11, 2016) ("[N]amed plaintiff lacks standing to assert legal claims on behalf of a putative class pursuant to state law under which the named plaintiff's own claims do not arise.").

Moreover, because plaintiff concedes that the other states' consumer fraud statutes "require the same materially misleading conduct as the claims under FDUTPA," (Opp. at 7), those claims should be dismissed for the same reasons.

### (2) The Third-Party Beneficiary Exception Does Not Apply

Plaintiff claims that the third-party beneficiary exception to privity applies to her breach of warranty claims. But the case to which plaintiff cites, *Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*, 2016 WL 3390122, at *5 (S.D. Fla. June 17, 2016), is inapposite. There, the defendant was included on email communications with the plaintiff, and delivered the product directly to the plaintiff, which was sufficient to find that the plaintiff was a third-party beneficiary to the contract. Even assuming that the third-party beneficiary exception is available here, there are no allegations sufficient to support its application. *See Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1110 (S.D. Fla. 2019) (rejecting application of third-party beneficiary exception because the defendant did not have direct contact or make direct representations to the plaintiff, even where plaintiff argued that the defendants published brochures and other marketing materials); *see also Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1118-1119 (S.D. Fla. 2019) (questioning whether a third-party beneficiary exception exists, and finding that the plaintiffs' conclusory allegations fell short of invoking exception to the privity requirement). The decision in *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1326 (S.D. Fla. 2020) also supports Kraft Heinz. There,

the court found that there was not a single allegation in the complaint to support the third-party beneficiary exception, and the plaintiff was not in privity with the defendants, therefore it dismissed the claim on that basis.

### (3) Plaintiff's Claim for Breach of Express and Implied Warranty Fail for Additional Reasons

Plaintiff's attempt to state a claim for a breach of express warranty by rewriting the "Ready in 3½ Minutes" representation as an "affirmation of fact" that the product would be *ready to consume* in 3½ minutes (Opp. at 8) is unpersuasive for the same reasons as her consumer protection claims; that is not what the product label says. *See also Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312 at *18 (S.D. Fla. Aug. 18, 2021). Similarly, her attempt to redefine the ordinary purpose of Kraft Heinz's macaroni and cheese product as "to take three-and-a-half minutes total to prepare and be ready for consumption" (Opp. at 8) strains credulity. That is because macaroni and cheese is merchantable if it is fit for the ordinary purposes for which the goods are used—that is, human consumption—and plaintiff has not plausibly alleged otherwise; the amount of time the product takes to prepare does not impact that issue. *See Bus. Radio, Inc. v. Relm Wireless Corp.*, 373 F. Supp. 2d 1317, 1322 (M.D. Fla. 2005); *Barreto v. Westbrae Nat.*, 518 F. Supp. 3d 795, 807 (S.D.N.Y. 2021) (applying similar standard under NY law). Thus, plaintiff's implied warranty of merchantability claim fails not only for lack of privity and for a lack of a plausible allegation of misrepresentation, but also because the product was indisputably fit to eat.

### (4) Plaintiff's Claim for Violation of The MMWA Fails

Plaintiff's MMWA claims fail for the same reason as her warranty claims. *See* Mot. to Dismiss at 11. Plaintiff's citation to *Bohlke v. Shearer's Foods, LLC,* 2015 WL 249418, at *12 (S.D. Fla. Jan. 20, 2015) actually supports Kraft Heinz's position. There, the court recognized that

"[a]n MMWA claim depends on a state law claim for breach of warranty," and permitted the MMWA claim to proceed solely "[b]ecause Plaintiff's claim for breach of express warranty [could] proceed." *Id*.

### (5)   Plaintiff's Claims for Negligent Misrepresentation and Fraud Fail

Plaintiff argues that she can recover purely economic losses arising from a misrepresentation made in a negligent manner, and that there is a special relationship between the parties that brings her claims outside the economic loss rule. *See* Opp. at 9. Setting aside the fact that no such special relationship exists, Kraft Heinz does not argue that the economic loss rule bars plaintiff's claims, and plaintiff's arguments are nonresponsive to the fact that plaintiff's claims fail because she has not pointed to any deceptive aspect of the product's label. *See Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1250 (S.D. Fla. 2021) ("Plaintiff fails to state a claim for negligent misrepresentation largely for the same reasons discussed in the prior two sections, namely, that she fails to allege any false statement, misrepresentation, or omission.").

Additionally, plaintiff failed to respond to the argument that she pleads no facts to support the conclusion that Kraft Heinz acted with fraudulent intent, and her claims fail on this basis. *See Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *5 (S.D. Fla. Feb. 3, 2011).

### (6)   Plaintiff's Claim for Unjust Enrichment Fails

Plaintiff concedes that her unjust enrichment claim is duplicative of her other claims (*see* Opp. at 10), and thus it must fail for the same reasons. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 (S.D. Fla. 2012) ("[I]f plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim."); *see also Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d

7

1125, 1135 (S.D. Fla. 2021) ("[B]ecause Plaintiff has not adequately allege any deceptive act, it follows that it is not unjust for Defendant to retain any benefit it purportedly received").

### D. Plaintiff Lacks Standing to Sue for Injunctive Relief

Plaintiff misapprehends the standing requirement to pursue injunctive relief. *See* Opp. at 11 (claiming that because the "[deceptive] practices continue," she has alleged a likelihood that she will be harmed by that conduct in the future). It is not sufficient to allege that the product is still being sold in a manner that plaintiff believes is deceptive. *See Williams v. Reckitt Benckiser LLC*, 2023 WL 2906311, at *7 (11th Cir. Apr. 12, 2023) (finding allegations that plaintiffs "would like to purchase Defendants' products if they truly improved brain performance," but are "unable to rely on Defendants' representations regarding the effectiveness of Defendants' products in deciding whether to purchase Defendants' products in the future" are insufficient to confer standing to sue for injunctive relief). Rather, plaintiff's awareness of the presumed misrepresentation and knowledge that preparation instructions are available on the product label show that she could not plausibly be deceived again. Therefore, she cannot allege a threat of future harm and lacks standing to seek injunctive relief. *See Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1131 (S.D. Fla. 2021) (finding "it is hard to imagine how Plaintiff could possibly be harmed in the future since he is now acutely aware that Defendant's hand sanitizer kills only 99.99% of many common harmful germs and bacteria found on the hands, not 99.99% of all germs in existence.").

### III. CONCLUSION

For the reasons set forth above and in Kraft Heinz's Motion to Dismiss (ECF No. 16), the complaint should be dismissed with prejudice.

Date: April 28, 2023

Respectfully submitted,

*/s/ Paige S. Comparato*
Paige S. Comparato
Florida Bar No. 1002942
pcomparato@kslaw.com
King & Spalding LLP
Southeast Financial Center
200 S. Biscayne Blvd, Suite 4700
Miami, FL 33131
Tel: (305) 462-6000

Keri E. Borders (*pro hac vice*)
kborders@kslaw.com
Dale J. Giali (*pro hac vice*)
dgiali@kslaw.com
Rebecca B. Johns (*pro hac vice*)
rjohns@kslaw.com
633 West Fifth St., 16th Fl.
Los Angeles, CA 90071
Tel: (213) 443-4355

Attorneys for Defendant
KRAFT HEINZ FOODS COMPANY

## CERTIFICATE OF SERVICE

  The undersigned certifies that on April 28, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a Notice of Electronic Filing on all counsel of record.

Dated: April 28, 2023

                        */s/ Paige S. Comparato*