UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23782-BLOOM/Otazo-Reyes

AMANDA RAMIREZ,
*individually and on behalf of
all others similarly situated*,

    Plaintiff,

v.

KRAFT HEINZ FOODS COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Kraft Heinz Foods Company's Motion to Dismiss Plaintiff's Complaint, ECF No. [16] ("Motion"). Plaintiff Amanda Ramirez filed a Response in Opposition, ECF No. [19], to which Defendant filed a Reply, ECF No. [20]. The Court scheduled a hearing on the Motion, *see* ECF No. [24], and heard oral argument on July 11, 2023, ECF No. [27]. The Court has considered the Motion, all opposing and supporting submissions, the parties' oral arguments, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I. BACKGROUND**

Plaintiff filed her Class Action Complaint on November 18, 2022. ECF No. [1]. Therein, Plaintiff alleges that she purchased Defendant's microwaveable single serve cups of mac and cheese ("the "Product") between October and November 2022, among other times. *Id*. ¶¶ 1, 28. Plaintiff claims that the Product is marketed as "READY IN 3½ MINUTES" but that statement "is false and misleading because the Product takes longer than 3-and-a-half minutes to prepare for

consumption." *Id*. ¶¶ 1, 2. Plaintiff included the following pictures of the box and the directions on the back of the packaging:




According to the directions on the back of the packaging, there are four steps in preparing the Product. ¶ 3. Plaintiff further alleges that "the directions outlined above show that 3-and-a-half minutes is just the length of time to complete one of several steps." *Id*. ¶ 10. The Complaint alleges that "consumers are misled to expect the Product will be ready for consumption in a shorter amount of time than it really takes to prepare." *Id*. ¶ 13.

Those facts form the basis of seven claims against Defendant: violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. ("FDUTPA") (Count I), violation of State Consumer Fraud Acts (Count II), False and Misleading Advertising pursuant to Florida Stat., § 817.41 (Count III), Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose, and Magnuson Moss Warranty Act, pursuant to

15 U.S.C. §§ 2301, *et seq*. (Count IV), Negligent Misrepresentation (Count V), Fraud (Count VI), and Unjust Enrichment (Count VIII).[1] *See generally id*. Plaintiff seeks monetary and injunctive relief, together with costs and attorneys' fees.

In the Motion, Defendant seeks dismissal of the Complaint and argues: (1) Plaintiff's claims fail to plausibly allege consumer deception regarding the product's labeling; (2) Plaintiff lacks standing because she suffered no injury; (3) Plaintiff's tag-along claims should be dismissed because all are based on the same defective theory of deception; and (4) Plaintiff lacks standing to sue for injunctive relief. *See generally* ECF No. [16]. Plaintiff responds that none of Defendants arguments provide a basis for dismissal and the Motion should be denied. ECF No. [19] at 8. Defendant filed a Reply in support of its Motion. ECF No. [20].

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). It is a threshold question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1458 (11th Cir. 1989) (*en banc*). "'The law of Article III standing . . . serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Further, "standing requirements 'are not mere pleading

---

[1] The Court styles the final Complaint as Count VIII to mirror the language in Plaintiff's Complaint, ECF No. [1], even though there are only seven counts alleged.

3

Case No. 22-cv-23782-BLOOM/Otazo-Reyes

requirements but rather [are] an indispensable part of the plaintiff's case.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "Indeed, standing is a threshold question that must be explored at the outset of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)), *cert. denied*, 140 S. Ct. 900 (2020). "In its absence, 'a court is not free to opine in an advisory capacity about the merits of a plaintiff's claim.'" *Id.* Standing is 'perhaps the most important jurisdictional' requirement, and without it, [federal courts] have no power to judge the merits." *Id.* (footnote omitted) (quoting *Bochese*, 405 F.3d at 974).

To establish standing, a plaintiff must allege that: (1) it "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to conduct of the defendant;" and (3) "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

"The party invoking federal jurisdiction bears the burden of proving standing." *Fla. Pub. Int. Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir.1991). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th

Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir. 2006)).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III. DISCUSSION

As noted above, Defendant moves to dismiss the Complaint arguing that Plaintiff has not plausibly alleged consumer deception and lacks standing to bring her claims for damages and injunctive relief. *See* ECF No. [16]. Plaintiff responds that her consumer deception claims are plausible, she has standing as she sufficiently alleged injury, and her Complaint should not be

dismissed. *See* ECF No. [19]. Because the issue of standing "is a threshold jurisdictional question[,]" the Court first addresses the parties' arguments as to Article III standing. *See Walters v. Fast AC, LLC*, 60 F.4th 642, 647 (11th Cir. 2023).

### A. Article III Standing – Lack of Injury

Defendant argues that Plaintiff lacks standing because she suffered no injury. ECF No. [16] at 14. Specifically, Defendant argues that Plaintiff "has not plausibly alleged she did not receive the benefit of her bargain" and that "she continued to purchase the product after becoming aware of the allegedly deceptive cook time." *Id.* at 15. Plaintiff responds that she sufficiently alleged that she paid a premium price due to the misrepresentation, and price premium allegations are sufficient to establish standing. ECF No. [19] at 12-13. Plaintiff alleged that she "paid more for the Product than she would have paid and would not have purchased it or paid less had she known the truth." ECF No. [1] ¶ 33.

Defendant cites to other district court cases from this circuit where courts found that similarly situated Plaintiffs lacked standing. *See Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336-37 (S.D. Fla. 2007); *Sweeney v. Kimberly-Clark Corp.*, No. 8:14-CV-3201-T-17EAJ, 2016 WL 727173, at *6 (M.D. Fla. Feb. 22, 2016), *order clarified,* No. 8:14-CV-3201-T-17EAJ, 2016 WL 7138530 (M.D. Fla. Mar. 3, 2016). In *Prohias*, the court considered a motion to dismiss a complaint in which the plaintiffs alleged that Pfizer engaged in a misleading advertising campaign that created an artificial demand for Lipitor, raising its price and causing economic injury to Lipitor purchasers. *Prohias*, 485 F. Supp. 2d at 1332. The court found that the plaintiffs lacked standing despite having pled a price inflation theory of damages. *Id*. at 1336-377. The *Prohias* court stated that because plaintiffs "obviously believe that they continue to receive benefits from taking Lipitor, notwithstanding any alleged limitations as to its efficacy, and continue to pay the price charged by

6

Case No. 22-cv-23782-BLOOM/Otazo-Reyes

Pfizer and its distributors" to show any damages under a price inflation theory "would require evidence of the hypothetical price at which Lipitor would sell if not for the allegedly misleading advertisements." *Id*. at 1337.

Similarly, in *Sweeney*, the court considered whether the plaintiff had standing to pursue a FDUTPA claim under a price premium theory of damages where she purchased wipes which the manufacturer allegedly misrepresented as "flushable." *Sweeney*, 2016 WL 727173, at *1. That court found that "the fact that the Plaintiffs continue to purchase and use the Defendants' 'flushable' wipes makes their theory of damages too speculative to constitute an actual injury under Article III." *Id*. at *6. The *Sweeney* court specifically found that "Plaintiffs lack standing to prosecute their FDUTPA claim under a price premium theory because the undisputed facts and record evidence demonstrate that they continued to pay the alleged 'price premium' despite their knowledge and belief that the wipes are not flushable." *Id*.

In her Response, Plaintiff contends that she did not continue to purchase the Product after learning that its label was deceptive. However, that contention is refuted by the Complaint. Plaintiff alleges she "purchased the Product at locations including Publix, 3339 W 80th St, Hialeah, FL 33018, between October and November 2022, *among other times*." ECF No. [1] ¶ 28 (emphasis added). That allegation closely mirrors the allegations the *Prohias* and *Sweeney* courts considered. Here, as in those cases, the allegations demonstrate that the Plaintiff continued to pay the alleged price premium knowing that the Product was not actually capable of being ready for consumption in three and a half minutes. *See Prohias*, 485 F. Supp. 2d at 1337; *Sweeney*, 2016 WL 727173, at *6. As such, Plaintiff was not deprived of the benefit of her bargain.

Plaintiff cites *Bohlke v. Shearer's Foods, LLC*, where a court in this district found that the plaintiff's allegation that she paid a price premium for the products "is all that is required to be

7

pled under the Federal Rules of Civil Procedure." No. 9:14-CV-80727, 2015 WL 249418, at *8 (S.D. Fla. Jan. 20, 2015). Plaintiff is correct that in that case the court found that Plaintiff had adequately alleged damages because "she alleged that she paid a price premium for the Products due to the 'All Natural' and 'No Artificial Ingredients' labeling." *Id*. However, *Bohlke* is distinguishable because that plaintiff also alleged that the misbranding on the products at issue "rendered those Products 'valueless'" *Id*. at *7 (internal citation omitted). Here, although Plaintiff has pled a similar price premium allegation, Plaintiff also pled that she continued to purchase the product on multiple occasions. ECF No. [1] ¶ 28. Therefore, it is not plausible that the Product was rendered valueless to Plaintiff.

Plaintiff's reliance on *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1130 (S.D. Fla. 2021), is similarly unpersuasive. In *Piescik*, a court in this district found that the plaintiff adequately pled a concrete economic injury where he alleged that he paid a price premium for a misleadingly labeled product. *Id*. However, in *Piescik*, the plaintiff argued that "he did not in fact receive the benefit of the bargain because the hand sanitizer he purchased would not have killed 99.99% of all germs." *Id*. (internal citation omitted). Here, by contrast, Plaintiff alleged that she purchased the product over the course of two months among other times rendering it implausible that Plaintiff did not believe she had received the benefit of her bargain. Plaintiff also has not alleged the hypothetical price the Product should sell for considering it may take longer to prepare than a consumer may be led to believe. *See* ECF No. [1]. Therefore, the price premium theory of damages is too speculative based upon the allegations in the Complaint.

This case is analogous to *Valiente v. Publix Super Mkts.*, No. 22-22930-CIV, 2023 WL 3620538 (S.D. Fla. May 24, 2023). In *Valiente*, a court in this district recently found that the plaintiff's allegations that Publix's honey-lemon cough drops caused him economic loss resulting

from the product's misleading advertisements did not suffice to allege an injury-in-fact. *Id*. at *3. That court specifically noted that the plaintiff in that case did not allege that the "cough drops were defective, did not work as advertised, or otherwise were so flawed as to render them worthless" and in fact "suggests that he purchased the product on more than one occasion." *Id*. at *5. The *Valiente* court went on to find that the plaintiff "does not allege any facts by which one might measure the 'premium price' he claims to have paid and the cough drops' fair market price." *Id*. The court held that where the plaintiff's "complaint is devoid of any factual support for the idea that [the product is], in fact, worth less than the stated price" that the "mere allegation of having paid a price premium due to the purportedly misleading labeling" was not sufficient to plead an injury-in-fact. *Id*. at 3.

The same is true here. Plaintiff alleged that "[a]s a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $10.99 for eight 2.39 oz cups, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions." ECF No. [1] ¶ 15. She does not allege that she was unable to consume the product or that it was otherwise so flawed as to be rendered useless. In fact, the Complaint does not even include an allegation that Plaintiff ever attempted to cook the product. Similarly, Plaintiff's Complaint contains no factual allegations of the price she might have paid if Defendant's product was not marketed as ready in three and a half minutes. *See* ECF No. [1]. Therefore, Plaintiff has failed to demonstrate an injury and lacks standing for her FDUTPA and tag-along claims.

B.  **Article III Standing – Injunctive Relief**

Defendant argues that Plaintiff lacks standing to sue for injunctive relief because she cannot be deceived by the Product's labeling. ECF No. [16] at 20-21. Plaintiff responds that because the

Defendant persists in its deceptive practices, she has plausibly alleged that she will be affected by unlawful conduct in the future. ECF No. [19] at 18.

> To have standing to bring suit for injunctive relief,
>
> a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision.

*Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003). "Although the FDUTPA allows a plaintiff to pursue injunctive relief, . . . it cannot supplant Constitutional standing requirements. . . . The Supreme Court has long held that to seek prospective or injunctive relief, plaintiffs . . . must be able to demonstrate more than mere injury from past wrongs." *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373-74 (S.D. Fla. 2015) (internal quotation marks and citations omitted).

Defendant relies on four cases from this district in which courts found no standing for injunctive relief. In *Wasser v. All Mkt., Inc.*, the court found that "Plaintiffs 'cannot manufacture standing by choosing' not to purchase a product because of allegedly deceptive labeling, when the Plaintiffs actually know the truth underlying that labeling and thus cannot be deceived by it in the future." 329 F.R.D. 464, 471 (S.D. Fla. 2018) (citing *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 402 (2013)). The *Piescik* court reached the same conclusion, finding that "[a]s Plaintiff fails to allege any threat of imminent future injury to himself, he lacks standing to pursue injunctive relief." *Piescik*, 576 F. Supp. 3d at 1131; *see also Snyder v. Green Roads of Florida LLC*, 430 F. Supp. 3d 1297, 1304 (S.D. Fla. 2020) ("Plaintiffs allegations make clear that they will not purchase more of Defendant's products so long as the labelling does not meet their standards. Accordingly, Plaintiffs lack standing to assert a claim for injunctive relief."); *In re Monat Hair Care Products Mktg., Sales Practices, & Products Liab. Litig.*, No. 18-MD-02841, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019) ("Because Plaintiffs fail to allege the threat of future harm, they have no

constitutional standing to seek injunctive relief under FDUTPA or the alternate state consumer protection claims.").

Plaintiff responds that she alleged that she is "unable to rely on the labeling of other similar products because she is unsure whether those representations are truthful." ECF No. [19] at 18 (cleaned up). In her Complaint, Plaintiff alleged that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition." ECF No. [1] ¶ 34. As she contends, she also alleged that she "is unable to rely on the labeling and representations not only of this Product, but other similar products that claim they are ready in a specific amount of time, because she is unsure whether those representations are truthful." *Id*. ¶ 35. Although Plaintiff cites *Barron v. Snyder's-Lance, Inc.*, No. 13-62496-CIV, 2015 WL 11182066, at *10 (S.D. Fla. Mar. 20, 2015) for the proposition that her allegations are sufficient to demonstrate that she will be affected by unlawful conduct in the future, she has not alleged that there is an imminent threat to future injury since she knows that the product is not ready in three and a half minutes. In fact, in *Barron*, the court found that the plaintiffs "have not established a real and immediate … threat of future injury, because they have not alleged that they intend to purchase the allegedly mislabeled product again." *Id*. (internal citations and quotation marks omitted).

The same is true here: there is no real and immediate threat of future injury. Plaintiff's counsel conceded that point during oral argument and acknowledged that Plaintiff lacks standing to seek injunctive relief. The Court agrees that Plaintiff lacks standing to pursue a claim for injunctive relief.

Because the Court has concluded that Plaintiff did not adequately plead Article III standing, it finds that it lacks subject matter jurisdiction to adjudicate the FDUTPA and related claims

11

Case No. 22-cv-23782-BLOOM/Otazo-Reyes

alleged in the Complaint. The Court therefore does not reach the merits of Defendant's Motion to Dismiss.

### C. Leave to Amend

In her Response, Plaintiff requests leave to amend if the Defendant's Motion to dismiss is granted, ECF No. [19] at 11. Like the plaintiff in *Valiente*, Plaintiff's request to amend appears to be "an afterthought, at the end of [her] response in opposition to [Defendant's] motion to dismiss, making the request both procedurally defective and lacking in substantive support under Eleventh Circuit Precedent." *Valiente*, 2023 WL 3620538, at *7 (citing *Newton v. Florida*, 895 F.3d 1270, 1277-78 (11th Cir. 2018)). Because Plaintiff's request for leave to amend is not procedurally proper, it is denied. Plaintiff's Complaint is dismissed without prejudice and without leave to amend.

### IV. CONCLUSION

Accordingly, the Court finds that it lacks subject matter jurisdiction because Plaintiff has not adequately pled Article III standing. It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [16]**, is **GRANTED**.
2. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** and without leave to amend.
3. The Clerk of Court shall **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 22-cv-23782-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record